### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT AUGUSTA.

### JUNE TERM, 1853.

Present—JOSEPH H. LUMPKIN, ⎫
HIRAM WARNER, ⎬ Judges.
EUGENIUS A. NISBET. ⎭

~~~~~~~~~~

No. 50.—F. T. WILLIS & Co. plaintiffs in error, *vs.* E. PARSONS & Co. defendants in error.

[1.] As between attaching creditors, the attachment first levied, or the summons of garnishment first served, shall be first satisfied.

[2.] As between attaching creditors and creditors who have obtained judgment by the ordinary process of the law, the date of the respective judgments determines the lien.

[3.] Where several suits were instituted by different creditors against the same defendants, pending which one of the creditors sued out a summons of garnishment, according to the provisions of the Act of 1822, by which a considerable sum of money was raised and paid into Court, and judgments having been obtained in all the suits at the same term of the Court: *Held,* that the money raised by the garnishment should, according to the provisions of the 5th section of the Act of 1822, be paid over to all the judgments obtained against the defendants at the same term of the Court, *pro rata.*

Garnishment.   Question as to which party was entitled to money raised by garnishment process.   Argued before, and decided by Judge HENRY R. JACKSON, at Chambers of Chatham Superior Court, March, 1853.

The following statement of facts was agreed upon by counsel for the respective parties in the Court below, and by consent, the case is brought to this Court upon the same statement.

1st. On the 16th February, 1852, an action was commenced by Edwin Parsons & Co. against Rowland Washburn, returnable to the May Term of the Superior Court, 1852.   Process of garnishment at the instance of Edwin Parsons & Co. was served upon Andrew Low & Co. on the 16th of February, 1852.

2d. On the 17th February, 1852, Rowland & Washburn being unable to pay their debts, made an assignment of all their effects and assets to Amzi Neely, for the benefit of their creditors.

3d. Subsequently to the assignment above made, to wit: on the 2d day of March, 1852, F. T. Willis & Co. commenced their action against the said Rowland & Washburn, returnable to the May Term of the Superior Court, 1852, and on that day, at their instance, process of garnishment was served upon Andrew Low & Co.

4th. Subsequently to the assignment above made, to wit: on the 17th February, 1852, Hamilton & Hardeman commenced their action against the said Rowland & Washburn, returnable to the May Term of Chatham Superior Court, 1852, and on that day, at their instance, process of garnishment was served upon Andrew Low & Co.

5th. At the January Term, 1853, of Chatham Superior Court, Edwin Parsons & Co. obtained judgment against Rowland & Washburn, for the sum of fifty-eight hundred and forty-two dollars and 24 cents ; and at the same time, F. T. Willis & Co. obtained judgment against the said Rowland & Washburn, for the sum of sixty-seven hundred and forty dollars and forty-two cents ; and at the same time, Hamilton & Hard-

eman obtained judgment against the said Rowland & Washburn, for the sum of twenty-two hundred and three dollars and 28 cents.

Sixth. By the return of A. Low & Co. it appears that they were, on the 16th of February, 1852, indebted to Rowland & Washburn in the sum of three thousand nine hundred and fifty dollars eighty-three cents, which they are ready to pay over as the Court may direct.

Upon the foregoing statement of facts, the question is submitted, " Who is entitled to receive the money ? with the privilege to all the parties to refer, as may be necessary, to the assignment, and to all the proceedings before the Court."

Upon the argument of this question, Judge *Jackson* decided that the money in dispute must be paid over to E. Parsons & Co. on account of their judgment against Rowland & Washburn. To this decision, F. T. Willis & Co. and Hamilton & Hardeman excepted, upon the following grounds:

1st. That the Judge erred in deciding that F. T. Willis & Co. and Hamilton & Hardeman are not entitled to a *pro rata* distribution of the fund raised and brought into Court by process of garnishment against A. Low & Co.

2d. That the Judge erred in ordering the whole of said fund to be paid over to E. Parsons & Co.; and more especially that said decision is opposed to the 5th section of the Act of 23d December, 1822, entitled " An Act to authorize parties plaintiffs to issue summons of garnishment in certain cases, as in cases of attachment," and which said fifth section enacts, " that when any money shall be paid into Court, or shall be raised by the Sheriff or his deputy, or a Constable under this Act, the same shall be paid over to judgments or executions against the defendant, as in other cases, according to the priority established by law."

3d. That the decision of the Judge is against the law and justice of the case.

Cone, Miller and Harden, for plaintiffs in error.

BERRIEN, LAW and BARTOW, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] That, as between attaching creditors, the garnishment first served shall be first satisfied, is undoubtedly a sound legal proposition; that is to say, whenever a summons of garnishment issues in any case in which the ordinary process of the law cannot be served on the defendant, as where he resides out of the State, or is actually removing without the limits thereof, or out of the County, or absconds, &c.

[2.] In all such cases, the attachment first served, which also includes the summons of garnishment, shall be first satisfied. *Prince,* 34. But it is to be observed, that by the 8th section of the Act of 1814, no lien shall be created by the levying of an attachment, to the exclusion of any judgment obtained by any creditor, before judgment is obtained by the attaching creditor. *Ibid.*

[3.] Whenever an attachment is levied upon property, or a summons of garnishment issues to reach effects not the subject matter of levy, and a judgment is obtained against the defendant, in a suit instituted by the ordinary process, according to the course of the Common Law, and the latter obtains a judgment prior to the attaching creditor, the Common Law judgment will be first satisfied; or if the judgment of the attaching creditor, and the Common Law judgment be of equal date, then the same will be entitled to a *pro rata* distribution of the fund in Court. As between attaching creditors, *the date of the levy fixes the lien.* As between attaching creditors, and creditors who have obtained judgment by the ordinary process of the law, *the date of the respective judgments determines the lien.* *McDougald vs. Barnard,* 3 *Kelly,* 169. *Litchton & Barker vs. McDougald et al.* 5 *Georgia R.* 176.

In the case now under consideration, the respective creditors claiming the fund in Court, instituted their suits against the defendants, Rowland & Washburn, by the ordinary Com-

mon Law process, and obtained judgments at the same term of the Court.

Pending the suit, Parsons & Co.. sued out a summons of garnishment according to the provisions of the Act of 1822, which was served upon Andrew Low & Co. The garnishees were indebted to the defendants the sum of $3950.83, which was brought into Court by virtue of the summons of garnishment sued out at the instance of Parsons & Co., their garnishment being first served. Intermediate the service of the garnishment and the date of the judgments of the respective creditors, Rowland & Washburn made an assignment of all their effects to Neely.

The argument is, that inasmuch as the garnishment of Parsons & Co. was first served, and brought the money into Court, and all the effects of the defendants having been assigned before the rendition of the judgments, the latter created no lien upon the fund raised by the garnishment process; but that Parsons & Co. being prior in point of time in serving their garnishment, they obtained a priority of lien upon the fund, as in cases of attachment.

We do not understand that garnishments issued according to the provisions of the Act of 1822, stand upon the same footing in regard to liens created thereby, as garnishments issued in attachment cases. It is true, that Act intended to afford a new remedy in certain cases therein specified, by authorizing summons of garnishment to issue, "as in cases of attachment," but not to create a *lien as in cases of attachment*. The 5th section of the Act regulates the manner in which the money paid into Court under the proceedings authorized by it, shall be paid over.

By that section, it is declared, "When any money shall be paid into Court, or shall be raised by the Sheriff, or his deputy, or by a Constable, under *this Act*, the same shall be paid over to judgments or executions against the defendant, as in other cases, according to the *priority established by law*." *Prince*, 37.

The fund in controversy, was raised and paid into Court,

under a proceeding authorized by *this Act*, and the judgments claiming it are against *the defendants*, obtained on suits instituted by the ordinary process, and of equal date, and by law, as we have clearly shewn, are entitled to a *pro rata* distribution thereof. The object of the Act of 1822, was to enable parties plaintiffs pending suits instituted by the ordinary process, to have a simple and expeditious remedy against their debtors, by summons of garnishment, to issue, as in cases of attachment, to reach their effects in the hands of third persons, and to impound the same until judgments could be obtained; but that Act never contemplated, in our judgment, that the effects of the debtor, when so impounded, should be exclusively appropriated to the payment of the debt of the plaintiff suing out the garnishment, to the exclusion of the other creditors, whose suits were pending at the same time, and who might obtain judgments at the same term of the Court. The 5th section of the Act forbids that construction. The fund in the hands of the Court was *the property of the defendants ;* the judgments of Willis & Co. and others, were against the defendants, and being of equal date with that of Parsons & Co. are of equal dignity, as established by law. It may be true, that but for the summons of garnishment sued out by Parsons & Co. the other judgment creditors would not have got any thing, because of the assignment to Neely ; nor would Parsons & Co. have got anything. They availed themselves of the remedy given them by the Act of 1822, and must abide the provisions of that Act, as to the distribution of the fund with the other judgment creditors of equal dignity with themselves.

Let the judgment of the Court below be reversed.