Carhart & Brother *vs.* Grier.

---

CARHART & BROTHER, plaintiffs in error, *vs.* E. C. GRIER, defendant in error.

Where property offered for sale by the sheriff was withdrawn on the promise of the defendant that he would pay off the execution levied thereon, and this payment was in fact made, the money in the hands of the sheriff is not subject to an older execution against such defendant.

Money rule. Levy and sale. Executions. Before Judge WRIGHT. Mitchell Superior Court. November Term, 1875.

Reported in the decision.

WARREN & HOBBS, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a motion for the distribution of money on the following agreed statement of facts: That on the first Tuesday in July last, a lot of land which had been levied on as the property of defendant, by a *fi. fa.* in favor of Grier, was offered for sale by the sheriff, when it was withdrawn from sale on the promise of the defendant that he would pay off the *fi. fa.* levied thereon, which he did pay to the sheriff; but before the sheriff paid the money over to the plaintiff in *fi. fa.*, Grier, another *fi. fa.* in favor of Carhart & Brother against Butler, the defendant, of older date, was placed in the hands of the sheriff with notice to hold up the money and not pay it to Grier. The court ordered the money to be paid to the Grier *fi. fa.*, whereupon the plaintiffs in the Carhart *fi. fa.* excepted.

The money in the sheriff's hands was not raised by the *sale* of the defendant's property, but was a *voluntary* payment by the defendant of the Grier *fi. fa.*, which he had the right to do, and it was the duty of the sheriff to have entered that payment on that *fi. fa.* in satisfaction thereof, there being no other *fi. fa.* in his hands at that time. Grier became entitled to the money when it was voluntarily paid by the defendant in satisfaction of his *fi. fa.*, and the fact that an older *fi. fa.* against the defendant was afterwards placed in the sheriff's hands did not deprive Grier of his right to the money which the defendant had voluntarily paid in satisfaction of his *fi. fa.* If the money in the hands of the sheriff had been raised by a *sale* of the defendant's property that would have presented a different question. There is nothing to prevent the plaintiffs in the older *fi. fa.* from levying it on the defendant's property and making their money, so far as the record shows.

Let the judgment of the court below be affirmed.