FORD & BOOTH, plaintiffs in error, *vs.* A. M. PERKERSON, sheriff, *et al.*, defendants in error.

When, after judgment in attachment, against personal property attached, the sheriff is ruled by the attaching creditor for surrendering the property to the debtor, after levy and before judgment, without taking the replevy bond required by law, and the rule is made absolute, the sheriff's liability is exclusively to the plaintiff in the rule; and a creditor of the defendant in attachment, by general judgment older than the judgment on the attachment, has no right to the money produced by the rule, the same not being the money of the judgment debtor, nor the proceeds of his property. The rule absolute, in such case, is a judgment in favor of the attaching creditor for an injury done to him by the sheriff in his official capacity, to which injury and its consequences other creditors of the common debtor are strangers.

Attachments.    Judgments.    Sheriffs.    Bonds.    Before Judge PEEPLES.    Fulton Superior Court.    October Term, 1876.

Reported in the opinion.

S. D. McCONNELL, for plaintiffs in error.

P. L. MYNATT, for defendants.

BLECKLEY, Judge.

An attachment was levied by the deputy sheriff upon a horse, sufficient in value to pay the debt. The officer took what he supposed to be a replevy bond (with security), and thereupon restored the horse to the defendant in attachment. The bond, when examined, proved to be conditioned for the forthcoming of the animal at the time and place of sale, and not for the payment of such judgment as might be recovered in the attachment proceeding. On account of this discrepancy between the bond taken, and the one required by statute, (Code, § 3319,) the property was not legally replevied, and its re-delivery to the defendant was irregular.

The attachment case proceeded, and judgment was entered in favor of the plaintiffs against the property attached. *Fi. fa.* issued accordingly, and the same officer, now become sheriff, advertised the property for sale, but the property was not produced by the defendant or by his surety on the forthcoming bond, and consequently was not sold. The plaintiffs in attachment subsequently ruled the officer for the amount of their judgment, alleging that by reason of his failure to take the bond required by law, on re-delivering the property to the debtor after the levy, their debt was wholly lost. In answer to the rule, the officer did not controvert his liability for the value of the horse, but submitted whether he should pay the money to the plaintiffs in attachment, or to other claimants of the fund, who had a general judgment against the same debtor, older in date than the judgment rendered in the attachment cause. This general judgment was in fact older than the other, by several years, having been rendered in less than a month after the attachment was levied, and after the deputy sheriff had taken the forthcoming bond and parted with the possession of the horse. The *fi. fa.* founded on the general judgment was put in the sheriff's hands, on the day the horse was to have been sold according to the sheriff's advertisement, to claim the proceeds of any sale that might be made, or any other money of the debtor. On the hearing of the rule, the contest was between the plaintiffs in the attachment judgment, and the plaintiffs in the general judgment, their respective *fi. fas.* being before the court. On substantially the foregoing state of facts, most of them appearing from the officer's answer to the rule, which was not traversed, the court made the rule absolute, for the value of the horse, and proceeded to distribute the money, first, to the payment of costs on the attachment judgment; secondly, to the payment of the attorney's fee for bringing the money into court; and, thirdly, as to the whole balance, to the payment, *pro tanto*, of the general judgment. The question is, whether this was a legal disposition of the money produced by the rule absolute. Manifestly it

was not. The rule was not brought to claim money raised by the attachment. None was raised. The attachment was wholly unproductive, and it was rendered so by the misconduct of the deputy sheriff, who surrendered the property attached without taking such bond and security as the law entitled the attaching creditors to have.

Had the proper bond and security been taken, their debt would have been safe. What that bond might have produced from the principal obligor, would have been subject to be appropriated, when brought into court, to older judgments against him; but not so as to what the surety might have paid, or what might have been raised out of his property. The surety's money would have gone to the discharge of his own liability upon the bond, and not to the satisfaction of debts of his principal for which he was not bound. See 3 *Kelly*, 132. Just so' with money raised out of the officer by this rule. Being the officer's money, it goes to the discharge of his official liability. That liability might have been enforced by action, or by rule, at the option of the plaintiffs. Code, §§ 3948, 3949. Here, the cause of rule or action was in favor of these plaintiffs, and none others. The act constituting the official default, took place before the general judgment was rendered. Since that judgment was rendered, the officer has had in his hands none of the debtor's property or money. He has failed in no duty to the plaintiffs in that judgment. The recovery against him by rule stands just as would'stand a recovery against him by action, so far as respects the application of the money.

If it should appear that the debt and costs for which the officer is liable is less than the amount for which the rule was made absolute, that is, less than the value of the property attached, let the rule be discharged as to the excess. But the officer's liability is to the plaintiffs in attachment only, and let them have the fruits of their rule.

Counsel for plaintiffs in error cited Code, § 3949; Crocker's Sheriffs, 790, 815; 50 *Ga.*, 335; 49 *Ib.*, 608; Code, § 3949;

56 *Ga.*, 383; 54 *Ib.*, 569.   *Per contra,* Code, § 3330; 13 *Ga.*, 335.

Judgment reversed.