WILSON, PALMER & CO. v. D. P. L. WHITE and another.

*Vendor and Vendee—Fraud—Voidable Contract—Claim and Delivery—Evidence—Argument of Counsel—Judge's Charge.*

1. An insolvent vendee of goods is not bound to disclose, at the time of the sale, his pecuniary condition, if the same is not inquired into, and such failure, even if there be a preconceived purpose never to pay for the goods, is not sufficient to render the contract of sale voidable at the vendor's option. But if in addition, the vendee fail to disclose his financial condition when asked concerning the same, and induce the vendor to confide in his solvency, and immediately on receipt of the goods, goes into bankruptcy; *Held*, that such facts constitute strong evidence of the fraudulent intent on which the goods were obtained by the vendee, and if so found by the jury, entitle the vendor to reclaim the property.

2. On the trial of an action for claim and delivery of goods purchased by defendant from plaintiff, where plaintiff alleges that the sale was fraudulent and void, certain judgments, obtained against defendant upon which all his property (except a few dollars) was allotted to him as exemptions, are admissible in evidence—(1) To show the undisclosed insolvency of defendant at the time of the contract, and (2) As bearing upon the fraudulent intent with which the purchase was made.

3. In such case if it be objectionable for plaintiff's counsel to comment before the jury upon the failure of defendant to introduce himself as a witness, there is no ground for complaint when the counsel on objection by defendant is restrained by the court and the jury are cautioned in the judge's charge.

4. In such case, it is not objectionable for plaintiff's counsel to comment upon the defendant's going into bankruptcy.

5. It is not the duty of the court to charge the law upon any single se-

lected fact, but to charge the law on the case as it is in reference to the whole facts as the jury may find them.

6. On a sale of goods, induced by fraud on the part of the vendee, the vendor is authorized to reclaim the property and the title thereto re-vests in him.

CLAIM AND DELIVERY tried at Spring Term, 1878, of MECKLENBURG Superior Court, before *Cox, J.*

The defendant, White, doing business in Charlotte was adjudicated a bankrupt upon his own petition in the district court of the U. S. for the western district of North Carolina, on the 26th of June, 1875, and the defendant, Cuthbertson, was duly appointed assignee of his estate. About the 15th of June, next, before the filing the petition in bankruptcy, White contracted with the plaintiffs through their travelling agent to buy on a credit, thirty-two barrels of syrup, amounting in value to $402.40. At the time of the purchase the plaintiff's agent, before making the sale, told White that he did not know his pecuniary condition, and asked of him references, to which White replied by referring agent to Henry Welch and Moore, Jenkins, & Co., trading firms in the city of New York, and thereupon the sale was concluded. The goods were accordingly shipped from Baltimore on the 19th of June, and arrived in Charlotte on the 23rd, and on the 24th they were taken out of the depot by one Black under the order of White, and were deposited in a cellar, the key to which was kept in White's storehouse, and two days after this, to-wit, on the 26th of June, the said White went to Greensboro and filed his petition in bankruptcy, under which he was adjudicated a bankrupt, and the defendant Cuthbertson appointed his assignee.

The defendant at the time of the purchase of the syrup, was entirely insolvent, being the owner of a house and lot under mortgage for its full value, and a personal estate worth but a few dollars above the exemptions allowed him by law.

The plaintiffs had no notice of the insolvency of White at the time of the sale and were misled and prevented from making inquiry in relation thereto, as they alleged, by the declarations and conduct of defendant. The plaintiffs a few days after petition in bankruptcy filed, demanded the syrup on the ground that the sale was voidable for fraud, and on refusal this action of claim and delivery was brought.

On the trial, issues were submitted to the jury as to property in the goods and the value thereof at the commencement of the action, and the jury in response found that the right was in the plaintiffs, and the same was of the value of $402.40, and from the judgment rendered on the verdict in favor of the plaintiffs the defendant appealed.

*Messrs. Jones & Johnston,* for plaintiffs.
*Messrs. Shipp & Bailey,* for defendant.

DILLARD, J. (After stating the case.) If a vendor of goods is drawn in to part with his property by fraudulent misrepresentation or concealment of a fact material to the contract and operating an inducement thereto, and such as a man of ordinary sagacity might reasonably rely on and be influenced by, the sale is voidable, and the vendor has the option to affirm the sale and sue for the price, or hold it null and sue for the goods in specie, as against the purchaser or a stranger holding without valuable consideration or with notice of the fraud. Benjamin on Sales, 342; Story on Sales, § 165; Bigelow on Fraud, § 2.

The plaintiffs urged on the trial that they entered into the contract and forwarded the goods, believing that White was solvent and intended to make payment, and so believed from the representation in words and action of the defendant at the time of the contract; whereas in truth and in fact he was entirely insolvent and well knew it, and yet concealed the fact and had bought the goods with the fraud-

ulent intent never to pay for the same, but to appropriate them to his use by going into bankruptcy and having the goods, together with his other property, set apart to him as an exemption under state law and the bankrupt act.

The defendant was not bound to disclose his pecuniary condition at the time of the sale if not inquired into, nor would that alone or in connection with a preconceived purpose never to pay for the goods be sufficient, although very reprehensible in White, of themselves to make the contract voidable at the option of the plaintiffs. But besides these elements of fraud there was evidence that when asked in regard to his financial condition he withheld information and gave plaintiffs to confide in his solvency by agreeing to pay on short time, and by artfully diverting inquiry from the neighborhood to merchants in a foreign place.

The goods arrived at Charlotte the 23d of June, were taken out of the depot on the 24th under defendant's order by one Black, and stored in a cellar, the key to which defendant kept. Next day he went to Greensboro to go into bankruptcy, and on the 26th he was adjudicated a bankrupt, and these facts with his failure to disclose his condition when inquired of, and a suggestion of references at a distance, constitute strong evidence of the fraudulent intent on which the goods were obtained, and if so found by the jury, warranted the plaintiffs to reclaim the property.

The jury under the issue put to them as to the ownership and right of property at the commencement of the action having responded under the evidence adduced and the instructions of the court as to the law that the property belonged to the plaintiffs, the verdict and judgment must stand, unless there was error in the court below in the admission of evidence against the objection of the defendant or in the refusal of the instructions prayed, and we will now consider them in their order.

1. The plaintiffs offered in evidence the different judg-

ments obtained in a justice's court against the defendant, and therein the assignment of the defendant's property as an exemption covering all he had except a few dollars, and on objection it was admitted: We think it was admissible for the two-fold purpose to show the undisclosed insolvency at the time of the contract, and also as bearing on the fraudulent intent with which the purchase was made.

2. Counsel of plaintiffs began to comment on the failure of defendant to introduce himself as a witness and defendant objected: If there be anything in the objection, it was promptly restrained by His Honor at the time, and the jury were further cautioned in the judge's charge and there is no ground of complaint on this ground.

3. Plaintiff's counsel was allowed in his address to the jury to comment on defendant's going into bankruptcy and defendant objected : It was a proper subject of comment as showing insolvency, and as indicating the intent in the purchase of the goods so recently before, never to pay for them.

The defendant asked two instructions, in substance, that insolvency of defendant alone would not make his title defeasible at the option of the plaintiffs, and that although White was insolvent at the purchase yet if the jury believe the witness, Marsh, the title passed and there was no evidence that plaintiffs had any title at the institution of the suit. His Honor refused to give them in the form in which they were asked and we think he did not err in refusing.

The defendant's first request was as to the legal effect of insolvency alone to authorize the plaintiffs to hold the sale null and reclaim the property, and His Honor's duty was not to declare the law on a single selected fact, but to charge the law on the case as it was in reference to the whole facts as the jury might find them, and there was therefore no error in the refusal of this specific request, inasmuch as in his general charge he distinctly directed the jury that insolvency alone would not authorize the finding of a verdict in favor

of the plaintiffs. As to the second request, to-wit, that the title having passed to White by the delivery of the goods, there was no evidence to show that the plaintiffs' had any title at the institution of the suit, it was not error to refuse it, because there was evidence of the fraud alleged fit to be submitted to the jury, and the same if found to be true did authorize plaintiffs to reclaim their property and did revest the title in them.

No Error.                                   Affirmed.