## Wilson and Sons *versus* Waugh, Jack & Co.

1. Where a firm has dissolved, no act or acknowledgment of one partner as to a firm debt will take said debt out of the statute of limitations so as to render another partner liable thereon, unless the partner doing such act or making such acknowledgment has taken the stock in hand and become the liquidating partner.

2. A. furnished goods to B., C. & D. trading as B. & Co., the price of which shortly afterwards became due. Afterwards the interest of B. in said firm was sold out at sheriff's sale and instantly transferred by the purchaser to C. & D. who continued the business as C. & Co. A. subsequently applied to C. for payment of his debt and received from him some cash and a note of C. & Co. for the balance. The note was given in B.'s presence but it did not appear that the cash was. A. gave a receipt to C. in full for the old debt, but testified that he did not intend to receive the note in payment or to discharge B., C. testified on the contrary that such was his intent. Subsequently, the firm of C. & Co. became insolvent, whereupon A. brought an action against B. to recover the amount of the debt, more than six years after it originally accrued, but less than six years after the receipt of the note. B. having set up the statute of limitations as a defence: *Held*, that C. could not be held to have acted as a liquidating partner of the firm of B. & Co., as he had no express authority to that effect and had not undertaken any settlement of their affairs from which an implied authority might be inferred. *Held*, therefore, that his act did not take the case out of the statute as to the defendant, and that the latter was entitled to judgment.

3. In the above case no inference could be drawn from the fact of the note of C. & Co. being given by C. to A. in B.'s presence, that the latter assented to any promise, engagement or acknowledgment of the debt as a continuing partnership obligation.

4. In the above case no such inference as above stated could be drawn from the fact that there was a cash payment by C. to A., inasmuch as there was no evidence that this was made in B.'s presence, or with his knowledge or consent.

5. *Semble*, that if such cash payment had been made in B.'s presence and with his knowledge and consent, there would have been some,

though not a conclusive basis for an inference, that he assented to such a continuation of the liability of the old firm as would flow from a payment on account.

October 5th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Venango county:* Of October Term 1882, No. 134.

Assumpsit, by F. M. Wilson, H. M. Wilson and Cornelius Wilson, trading as Wilson & Sons, against R. M. Waugh, M. J. Jack and E. H. Jack, late trading as Waugh, Jack & Co., to recover the price of certain merchandise sold by plaintiffs to defendants.

The writ was served on defendant Waugh alone, who pleaded non assumpsit, non assumpsit infra sex annos, payment with leave, etc.

On the trial, before TAYLOR, P. J., the facts of the case appeared to be as follows : The goods in question were furnished during the year 1873, the last item being delivered October 7th 1883. By the terms of sale the purchase money became payable November 6th 1873. On December 11th 1873 the interest of defendant Waugh, in the firm of Waugh, Jack & Co., was sold at sheriff's sale to one H. M. Marrier, who immediately transferred the same to M. J. Jack and E. H. Jack, said two last named parties continued the business trading as Jack & Co.

On February 17th 1874, H. M. Wilson of the firm plaintiff, applied to Jack & Co. for payment of the debt. He testified that he received from M. J. Jack on that date, a note of the firm of Jack & Co. for $1,500, and the residue of the claim, viz.: $25.21 in cash. He admitted that he took the note expecting it to be paid and that he gave a receipt in full for the old debt, but denied having made any agreement to discharge Waugh. He did not remember who was present at the time of the settlement.

Waugh and Jack both admitted that the note was given to Wilson in Waugh's presence. Waugh denied, however, that he had seen any cash paid and Jack did not remember having paid any. Jack further stated that Wilson had agreed to receive the note of Jack & Co. in full payment of his claim against the old firm and had given a receipt in full accordingly.

Subsequently the firm of Jack & Co. became insolvent, and their note being unpaid the present suit was instituted December 13th 1880, the plaintiffs allowing a credit of $25.21 on account of their claim.

Defendant requested the court to charge as follows : The interest of R. M. Waugh in the firm of Waugh, Jack & Co. having been sold at sheriff's sale on the 11th of December,

[Wilson *v.* Waugh, Jack & Co.]

1873, the firm was thereby dissolved as to him, and the remaining partners could not bind him by a subsequent acknowledgment of or payment upon the debt in suit.    Affirmed.

The court charged, inter alia, as follows:

"It is in evidence, upon the part of the defence, and not contradicted, that in December, 1873, the firm of Waugh, Jack & Co. was dissolved by the insolvency of Waugh and a sale of his interest by the sheriff.    This partnership contined after that sale for one purpose only, and that was for closing up the affairs of the partnership.    No new debts could be contracted, and no new promises could be made to bind the firm.    [The partnership having been dissolved by the insolvency of one, and a sale of his interest, was such an ending of the partnership that a promise made by one of the partners after that time to pay the debts, and made in good faith, would take the case out of the statute, so far as he was concerned; yet in regard to Waugh it would not have that effect.]

"There is no evidence of any promise by Waugh after the debt became due and payable, and [if you find there was no promise by Waugh to pay this debt, then your verdict will be for the defendant.    The interest of Waugh in the firm having been sold at sheriff's sale in 1873, the firm was thereafter dissolved as to him, and they could not bind him by any promise after that time] and the defendant's point in this regard is affirmed."

Verdict and judgment for defendant.    Plaintiffs thereupon took this writ assigning for error the affirmance of defendants' point and the portion of the charge above cited in brackets.

*Heydrick* (with whom were *Hancock* and *Glenn*), for the plaintiffs in error.—M. J. Jack was substantially a liquidating partner of the firm of Waugh, Jack & Co.; whether he was or not was at any rate for the jury: Parsons on Partnership 402; Fulton *v.* Central Bank of Pittsburgh, 11 Norris 112; Levy *v.* Cadet, 17 S. & R. 126; Reppert *v.* Colvin, 12 Wright 248.    If he was a liquidating partner his act was sufficient to take the case out of the statute: Houser *v.* Irvine, 3 W. & S. 345; Estate of Davis, 5 Wharton 534; Robinson *v.* Taylor & Co., 4 Barr 242; Ward *v.* Tyler, 2 P. F. Smith 393; Lloyd *v.* Thomas, 29 Ibid. 68; Fulton *v.* Central Bank of Pittsburgh, 11 Norris 112.

*H. D. Hancock*, for the defendant in error.—The sale of defendant Waugh's interest operated to dissolve the original firm: Story on Partnership, sec. 311; Reppert *v.* Colvin, 12 Wright 248. Thereafter one partner could not by his acts bind the others: Love et al. *v.* Payne, 20 Am. L. Reg. 535.    The only exception to the rule that after dissolution the act of one partner

[Wilson v. Waugh, Jack & Co.]

cannot bind the others is in case of a liquidating partner: Houser *v.* Irvine, 3 W. & S. 345; Reppert *v.* Colvin, 12 Wright 248; Levy *v.* Cadet, 17 S. & R. 126; Searight *v.* Craighead, 1 P. & W. 136; Watts *v.* Devo, 1 Grant 267; Farnum *v.* Eastwick, 2 Am. L. Reg. (O. S.) 572; Shoneman *v.* Fegley, 7 Barr 433; Coleman *v.* Fobes, 10 Harris 156; Bush *v.* Stowell, 21 P. F. S. 208; McCowin *v.* Cubbison, 22 P. F. S. 358; Clark *v.* Burn, 5 Norris 502.

A liquidating partner is only properly to be deemed such where his appointment is by agreement or, at least, the dissolution is voluntary. Jones *v.* Moore, 5 Binn. 573; Searight *v.* Craighead, 1 P. & W. 135; Bell *v.* Morrison, 1 Peters 351; Van Keunen *v.* Parmlee, 2 Comst. 523; Dunham *v.* Dodge, 10 Barb. 566; Shoemaker *v.* Benedict, Kern. 176; Wilson *v.* Torbert, 21 Am. Dec. 632. The court properly charged the jury to find for the defendant: Eister *v.* Paul, 4 P. F. S. 196; Clark *v.* Burn, 5 Norris 502.

Mr. Justice GREEN delivered the opinion of the court, October 25th 1882.

In delivering the opinion of this court in the case of Reppert *v.* Colvin, 12 Wr. 248, Mr. Justice READ on p. 252 said: "The law is well settled that after the dissolution of a partnership the partners cease to have any power to make a contract in any way binding on each other. The dissolution puts an end to the authority, and operates as a revocation of all power to create new contracts. Of course a new promise of which the original debt is the only consideration, by a partner after the dissolution of the copartnership, will not take the debt out of the statute of limitations so as to make the copartners liable. The exception to this rule is when the partner takes the stock on hand and becomes the liquidating partner, as in the case of Houser *v.* Irvine, 3 W. & S. 345." The authority of Smith in that case, says Chief Justice GIBSON, "was to settle partnership debts and pay them out of the effects in his hands."

That this is the well understood law of this Commonwealth cannot be disputed. It has been expressed so many times that a repetition of the authorities is unnecessary. Generally there is but little difficulty in its application to the facts of a given case. In the present case however the facts are somewhat peculiar. The original debt was for a bill of merchandise sold by the plaintiffs to a firm composed of R. M. Waugh, M. J. Jack and E. H. Jack, and called Waugh, Jack & Co. The goods were sold during the year 1873 and the debt became due on November 3d 1873. On December 11th 1873 the interest of R. M. Waugh in the firm was sold by the sheriff under an execution against him to one Marriett, who immediately

assigned it to M. J. Jack and E. H. Jack, and these persons thereafter conducted business at the same place under the firm name of Jack & Co. On February 17th 1874 a settlement took place between the plaintiffs and M. J. Jack, of the claim against the old firm of Waugh, Jack & Co. The plaintiff, H. M. Wilson, testified that at that time he received a payment of $25.21 on the account, and it was proved, and not denied, that he took also a note of the new firm of Jack & Co. for $1,500 for the remainder of the claim. Wilson said he took it expecting it to be paid. As to the payment of $25.21 Wilson said he received it but did not know who was present at the settlement. Waugh said that no money was paid in his presence that he saw, and Jack said that he did not remember of any money being paid. No one testified that any money was paid in Waugh's presence. The court below charged that the partnership was dissolved by the sheriffs' sale of Waugh's interest in the firm in December 1873, that after the dissolution the remaining partners could not bind him by an acknowledgment of, or promise to pay, the debt, that there was no evidence of any promise by Waugh to pay it after it became due and if the jury so found they should render a verdict for the defendant Waugh. Was there any error in this? It is certainly true that the firm was dissolved by the sale of Waugh's interest: Story on Partnership §§ 311, 312, 313; Parsons on Partnership, p. 400; Horton's Appeal, 1 Harr. 67. In Est. of Davis & Desauque, 5 Whart. on p. 539, ROGERS, J., said: "There are various ways of dissolving a partnership: effluxion of time; the death of one partner; the bankruptcy of one, which operates like death; or a dry, naked agreement that the partnership shall be dissolved." In Levy *v.* Cadet, 17 S. & R. 126, and in many cases since, it was held that after the dissolution of a partnership, one partner cannot, by his acknowledgment, revive a partnership debt so as to deprive the other partner of the benefit of the Act of limitations. It is also true, however, that this rule is subject to the exception that one who is a liquidating partner may, after dissolution, bind his former partner by either an acknowledgment, or an express promise to pay, so as to take the debt out of the statute: Fulton *v.* Central Bank of Pittsburgh, 11 Norr. 112; Reppert *v.* Colvin, supra.

Nor is it necessary that there should be an express and specific appointment of one as liquidating partner. His authority may be inferred from acts done in liquidation, with the knowledge and consent of his former partners: Ibid. In the present case there was no evidence that M. J. Jack was a liquidating partner by any express authority to that effect. There was no evidence that he ever settled any other claim than this one, against the old firm, or that he ever undertook or agreed to do so. In fact the firm of Jack & Co. also became insolvent a few months later, in

June following. When Jack settled this claim he did not give the paper of the old firm, but of Jack & Co. Hence no inference can be drawn that he intended thereby to keep alive the debt of the former firm. Indeed Jack testified that the note of Jack & Co. was given and accepted as absolute payment of the debt and that he took a receipt for the debt. Wilson denied having agreed to discharge Waugh but did not deny giving the receipt. But however that may be, it is clear that no inference can be drawn from such a settlement as this, that Waugh was assenting to any promise, engagement or acknowledgment of the debt as a continuing partnership obligation. Moreover, he no longer had any ownership of the partnership goods and was not at liberty to dissent from the control and disposition of them by Jack & Co.

Consequently no inference of assent to their possession and appropriation of them can be derived from the absence of any dissent on his part. He, of course, was liable for the debt due the plaintiffs during six years from its maturity, but that was the extent of his involuntary responsibility. If M. J. Jack had at the settlement, given to the plaintiffs a note for the $1,500, in the name of the old firm of Waugh, Jack & Co. there would have been an inference that, so far as he was concerned, he intended to continue the obligation of the old firm, and therefore of Waugh as a member of it. In that event the question would fairly have arisen as to his power to make Waugh liable by such an instrument. But he did not do that, and hence so far as the giving of that note is concerned, the inference would be, not that he intended to preserve Waugh's liability or that of the old firm, but to substitute for it a new and different liability, to wit, that of the new firm of Jack & Co., of which Waugh was not a member. The plaintiffs were under no obligation to accept such a note, and if they had refused it and insisted upon a note of the old firm it would have been apparent that they intended that the old firm should remain liable. But nothing of that kind took place. If again it had been proved that the alleged payment of $25.21 on account was made in Waugh's presence and with his knowledge and consent, there would have been some, though not a conclusive, basis, for an inference that he assented to such a continuation of the liability of the old firm as would flow from a payment on account. But there was no such proof, and hence there is no authority for such an inference. As we have seen by the decided cases, the power of one partner to bind another, after dissolution, by either an express or implied promise, is exceptional. The facts which give rise to it must appear in any case where it is claimed to exist. If they do not appear it does not exist and the general rule of non-liability applies and controls. In the present case there was no

[Dorris *v.* Erwin.]

express authority to Jack to act as liquidating partner, there was no implied authority from his actually undertaking the settlement of the affairs of the firm because there was no proof of such an undertaking, there was no implied assent to any continuation of the debt by the giving of the note of Jack & Co. for it, and there was no assent express or implied to any payment on account of the debt, since there is no evidence that such payment was made in Waugh's presence or with his knowledge or consent.

In these circumstances there is absolutely nothing, upon which to found any legal obligation on the part of Waugh to pay the debt in suit within six years before suit brought and hence the plea of the statute of limitations was a good plea, and there was no error in the instructions given by the court.

Judgment affirmed.