M. J. DES FARGES v. HENRY P. PUGH.

*Contract—Fraud—Intent—Insolvency.*

1. One who being insolvent, induces another to sell him property on a credit, concealing the fact of his insolvency and having the intent not to pay, is guilty of fraud, and the vendor may, at his election, disaffirm the contract of sale and recover the goods if no innocent person has acquired an interest in them.

2. The facts of insolvency and its concealment, alone, are not sufficient to enable the vendor to annul the contract: they must be coupled with the *intent* not to pay for the goods.

3. The fraud may be practiced by signs, by silence, by words or by acts. It is sufficient if it was reasonably calculated to and did induce the seller to part with his property.

(*Wilson* v. *White*, 80 N. C., 280, cited and approved).

This was AN ACTION tried before *Avery, Judge,* at Spring Term, 1884, of the Superior Court of BERTIE County, upon the following complaint and demurrer, viz.:

1. That plaintiff is now, and was at the date hereinafter stated, engaged in the business of a bookseller in the city of Baltimore, Maryland.

2. That the defendant fraudulently contriving and intending to deceive and defraud plaintiff of the following law books, to-wit: Ten volumes of Wharton's Criminal Law, one volume of Wharton's Criminal Evidence, one volume of Wharton's Pleading and Practice, and five volumes of Bouvier's Law Dictionary, of the value of thirty-nine dollars, did on the 27th August, 1883, write to plaintiff a certain letter, a copy of which, marked "A," is herewith filed, as a part of this complaint, and in which said letter, he represents himself to plaintiff as mayor of the city of Windsor, North Carolina, and as an attorney at law, practicing in the counties of Bertie, Martin, Washington and Northampton, and ordered of plaintiff the law books hereinbefore named, at the price of thirty-nine dollars, and which said books were duly forwarded to the said defendant, as in the said letter directed, and by him were duly received. That the defendant in the said letter substantially stated that he would remit promptly for said books within thirty days.

3. That the contents of said letter were untrue, as plaintiff is informed and believes, in that the representations that he was at said aforesaid date the mayor of Windsor, or that he practiced law in the counties therein named, other than that of Bertie, and that he intended to pay for the said goods as stated, and that

plaintiff's ground for such belief is that she has since delivering the same to the defendant learned that the defendant is utterly insolvent, and has for five or more years almost wholly supported himself by ordering different articles of merchandise from strangers in the same manner as he ordered the said goods from this plaintiff, and then, upon their receipt, selling the same at a very heavy discount, and using the money without paying for any of the goods so purchased.

4. The plaintiff avers that the defendant was an utter stranger to herself, and that she was induced to give him the possession of the said goods by reason of his said representations to her that he was mayor of Windsor.

5. Plaintiff further avers that the defendant, by means of the said fraudulent representations and writings as aforesaid, deliberately intended to cheat, defraud and trick her out of the said property, and submits, as a matter of law, that by reason of said defendant's fraudulent and evil practices, that no title passed to him of the said property, and that she is still the owner of the same.

6. That the price of the said law books amounted to the sum of thirty-nine dollars, no part of which sum has been paid.

Whereupon, plaintiff demands judgment for the possession of the aforesaid law books, and for such other and further relief to which she may be entitled, and for costs of the action.

The complaint was duly verified.

## "A."

HENRY P. PUGH,
Mayor of Windsor, and Attorney and
   Counsellor at Law.
Practices in the Courts of Bertie, Mar-
   tin, Washington and Northampton
   Counties.
All business promptly attended to.

WINDSOR, N. C., 27th August, 1883.

*Mr. M. J. Des Farges, Baltimore, Md.:*

DEAR SIR:—Please send me

Wharton's Criminal Law (Last Ed.), at........................$12 00

Wharton's Criminal Evidence, at..............................  6 00

Wharton's Pleading and Practice, at..........................  6 00

Bouvier's Law Dictionary (Last Ed.), at...................... 15 00

I will remit promptly within thirty days.

Send by Adams' Express.

Respectfully yours,

HENRY P. PUGH.

The defendant demurs to the complaint of the plaintiff, for that the said complaint does not state facts sufficient to constitute a cause of action. For the reasons—

1. That complaint and affidavit and pleading of plaintiff do not show fraud.

2. That they do not allege such fraud, if any, as entitles her to the remedy she seeks.

3. No such fraud is alleged as to prevent the title to the property passing to defendant.

Thereupon the following judgment was rendered, to-wit:

This action coming on to be heard on complaint and demurrer, the demurrer is sustained.

From the judgment of the Court the plaintiff appealed.

*Mr. R. B. Peebles,* for the plaintiff.

No counsel for the defendant.

ASHE, J. The action is Claim and Delivery, and the demurrer filed by the defendant raises the only question for our consideration, which is: does the complaint state facts sufficient to constitute a cause of action? and the special grounds assigned are:

(I). That the complaint and affidavit and pleading of plaintiff do not show fraud.

(II). That they do not allege such fraud, if any, as entitles her to the remedy she seeks.

(III). No such fraud is alleged as to prevent the title to the property passing to the defendant.

We are of the opinion his Honor committed an error in sustaining the demurrer.

The first ground assigned, that the complaint does not show fraud, should not have been sustained, for the reason that the demurrer for the purpose of the action admits all the allegations of fact contained in the complaint; and it is alleged that the defendant, in his letter ordering the books, represented himself as mayor of Windsor, and that he practiced law in the counties of Bertie, Martin, Washington and Northampton, which representations were untrue, and that he was utterly insolvent; that by such fraudulent representations and writings he deliberately intended to cheat, defraud and trick the plaintiff out of her said property, and that she was induced to give him possession of said goods by reason of his said representations to her that he was mayor of Windsor. These facts taken to be true, as they must be under the pleadings, are certainly some evidence of fraud.

The second and third grounds of the demurrer may be considered together, for if there was such fraud as entitles her to the remedy she seeks, there was such fraud as prevents the title to the property from passing to the defendant.

It is well settled that property in goods does not pass by a sale which the vendor has been fraudulently induced to make, unless he declines to assert his right to disaffirm the contract—in which case the property does pass—for the sale is voidable, and the vendor has his election to sue for the price, or bring trover or

detinue, under the former practice, or claim and delivery under the present system. Benjamin on Sales, pp. 342–349 ; *Donaldson* v. *Farmer,* 93 U. S., 361 ; *Wilson* v. *White,* 80 N. C., 280.

It is held, and we think the current of authority is to that effect, that the *mere fact* that the buyer of property is to his own knowledge insolvent at the time of his purchase and conceals that fact from the vendor, is not ground for relief to the vendor, but it is otherwise if he actually misleads the vendor. "Mere insolvency cannot be treated as fraud; there must be fraudulent intent." Bigelow on Frauds, pp. 36–37.

A leading case on this subject is that of *Donaldson* v. *Farwell,* 93 U. S. Reps., where Justice DAVIS, speaking for the court, says : "The doctrine is now established by a preponderance of authority, that a party not intending to pay, who, as in this instance, induces the owner to sell him goods on credit by fraudulently concealing his insolvency and his intent not to pay for them, is guilty of a fraud, which entitles the vendor, if no inno- cent party has acquired an interest in them, to disaffirm the contract and recover the goods." And he cites a number of authorities, both English and American, to support his position. This decision does not militate against the doctrine as laid down by Bigelow, *supra,* for Justice DAVIS does not hold the mere concealment of the buyer's insolvency is sufficient for the vendor to annul the sale, but the concealment must be coupled with the *intent* not to pay for the goods. The intent is always a question for the jury, and to determine whether the intent was fraudulent the jury have necessarily to look to the circumstances connected with the transaction or those immediately preceding or following it. In the cases just cited, the buyer bought the goods and went into bankruptcy very soon thereafter, and that fact was left to the jury to be considered by them in determining upon the question of fraudulent intent. To the same effect is the case of *Wilson* v. *White, supra.*

We think the principle to be deduced from the authorities is, that in addition to the mere fact of concealment of his insolvency

on the part of the buyer, he must be shown to have done some act attending the sale or soon thereafter, as tends to show that at the time of the sale he had the preconcerted design of not paying for the goods— *Wilson* v. *White, supra,*—or to have practiced some deceit which put the vendor off his guard and induced him to part with his goods.

It matters not, it is held, by what means the deception is practiced—whether by signs, by words, by silence, or by acts—provided that it actually produce a false and injurious impression, of such a nature that it may reasonably be supposed that but for such deception the vendor might never have entered into the contract. Story on Sales, 154 and note to 153.

Now, apply these principles to our case. The vendor resides in Baltimore and the defendant in North Carolina. He was an entire stranger to her. He ordered a small number of books and falsely represented himself as the mayor of a town and a lawyer practicing in three or four counties. She alleges that she was induced to send him the books by reason of his representation to her that he was a mayor. He promised to pay in thirty days—was insolvent and concealed that fact from her. It is true, the fact of his being mayor or even a practicing lawyer, was no evidence of his ability even to pay so small an amount as that sued for, but it was some evidence of his social standing in the community where he resided, and that he was at least a man of integrity, for it is hardly to be presumed that any community would appoint a man to the respectable position of mayor who was tricky and dishonest. The fact, then, that he was mayor of Windsor, if true, would raise a presumption that he was an honest and upright man, and it is, we know, not unusual for credit, for moderate amounts, to be given to impecunious persons merely upon the ground of their honor or supposed integrity—the vendor trusting to their honesty rather than their ability to pay.

We are of the opinion the facts as stated in the complaint were sufficient to raise a question of fraudulent intent, that constituted

a proper case for the determination of the jury, and the demurrer should therefore have been overruled.

The demurrer is overruled and the judgment rendered by his Honor in the court below reversed, and the case is remanded that the defendant may answer the complaint if he should be advised so to do.

Error.                                             Remanded.