## In re GOODHILE.

### (District Court, N. D. Iowa, C. D. May 23, 1904.)

### No. 472.

**1. BANKRUPTCY—HEARING ON APPLICATION FOR DISCHARGE—EVIDENCE.**

On the hearing on a petition for discharge and the specifications of objection thereto, the testimony of the bankrupt given at the first meeting of creditors is admissible, but the testimony of other witnesses taken at such time is not.

**2. SAME—IRREGULARITY IN HEARING.**

It is an irregularity for a referee to take testimony on an application for discharge against which objection is filed before returning the same to the court; but where both parties appear, so that no prejudice can result, testimony so taken will not be stricken out.

**3. SAME—DISCHARGE—OBTAINING PROPERTY BY FALSE STATEMENT.**

A bankrupt who, while in the mercantile business, made a written statement to a wholesale house as a basis for credit, and on which she obtained goods on credit which were unpaid for at the time of the bankruptcy, in which statement she listed as an asset, at a net valuation of $1,400, land which she did not own and had never owned, obtained property on credit upon a materially false statement, and under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], is not entitled to a discharge.

In Bankruptcy. On petition for discharge and specifications of objection thereto.

See 130 Fed. 471.

Standberry, Hill & Eulett, for bankrupt.

Deacon & Good and Glass, McConlogue & Witwer, for opposing creditors.

REED, District Judge. Margaret L. Goodhile was adjudged bankrupt March 28, 1903. In June following she filed a petition for discharge, and in due time thereafter the Warfield-Pratt-Howell Company, creditor, filed specifications in opposition thereto upon the grounds, among others, that the bankrupt had obtained property on credit from such creditor upon a materially false statement in writing, made for the purpose of obtaining such property on credit. Objection was made by the bankrupt to the introduction upon this hearing of testimony taken upon former hearings in the case before the

referee. Such testimony is that of the bankrupt upon her examination at the first meeting of creditors, and of other witnesses at such meeting, and upon other hearings before the referee. It appears that when the petition for discharge and the objections thereto were filed before the referee, he proceeded to take the evidence of the objecting creditors and the bankrupt thereon before sending the petition and objections to the clerk as provided by the rules; and after so taking such testimony he sent the petition, the objections thereto, and the evidence so taken to the bankruptcy court. The time was then fixed for the hearing of the issues presented by the petition for discharge and the specifications in opposition thereto, and the matter was returned to the referee to take the evidence upon the issues so raised. The objecting creditors then offered the testimony formerly taken by the referee upon the petition for discharge and specifications in opposition thereto, to which objection was made by the bankrupt as above stated.

That the testimony of the bankrupt, given by her at the first meeting of creditors was admissible seems clear, but the testimony of other witnesses taken at such time is not admissible. The taking of testimony by the referee of other witnesses upon the petition for discharge, and the specifications in opposition thereto before he returned the same to the bankruptcy court, was an irregularity; but as the bankrupt appeared in person and by her attorneys, and cross-examined the witnesses whose testimony was then taken upon such issues, it can result in no prejudice to her if the testimony so taken is now used upon this hearing, and her objections thereto will be overruled.

From the evidence so admitted in support of the objections, it appears that the bankrupt was engaged in mercantile business either at Mason City or at Manly prior to March 11, 1902; that she had applied to the Warfield-Pratt-Howell Company, a wholesale firm doing business at Cedar Rapids, Iowa, for credit, and on March 11th she wrote the company the following letter:

"Manly, Iowa, March 11, 1902.

"Warfield-Pratt-Howell & Co.—Dear Sir; The enclose statement is of my standing and indebtedness as I stand today before assuming the account of A. A. Hrubets.

"[Signed] M. L. Goodhile."

The statement inclosed is upon a printed blank, evidently furnished by the company, the material part of which is as follows:

"Dated March 11, 1902.

"Warfield-Pratt-Howell Co., Cedar Rapids, Iowa—Gentlemen: For the purpose of obtaining goods and merchandise from you, and for the purpose of obtaining extensions of time of payment of amount now due you, and of obtaining future extensions on amounts hereafter becoming due to you from me. I hereby make to you the following statement and representations of my present financial circumstances, resources and liabilities, wealth, mercantile respectability, and connections, which said statements and representations are made by me to you for the sole and express purpose of obtaining goods, wares and merchandise from you, to be paid for in the future, and as a basis of credit with you, both for present purchases and extensions of time of payment. And also for goods and merchandise obtained or purchased from you for and during the period of two years from this date, and I hereby bind

myself, and agree to immediately notify you of any and all changes in or of my business matters, during the period above named; and particularly of any change in my financial condition or circumstances, which notice shall be full and complete, and shall be and become a part of this statement.

Assets.

| | |
|---|---|
| Goods on hand, actual value..................................... | $3,200 |
| Cash in bank ................................................ | 150 |
| Real Estate, 160 acres in Faulk Co. S. D., not a homestead, cash value ...................................................... | 1,600 |

Liabilities.

| | |
|---|---|
| Owing for goods not due, open account........................... | $ 125 |
| Encumbrance on real estate ................................... | 200 |
| Amt. of insurance on mdse................................. | $2,000 |
| Individual names of firm M. L. Goodhile | |
| Total assets .............................................. | $4,950 |
| Total liabilities ........................................... | 325 |
| | |
| Amt. of assets over liabilities........................ | $4,625 |
| "[Signed] | L. Goodhile." |

The credit man of the Warfield-Pratt-Howell Company testifies that after the receipt of this statement the company shipped goods to the bankrupt nearly every week till some time in October following upon the strength of the statement furnished by her as above. At the time of the adjudication in bankruptcy she owed this company about $700. It is clear that when this statement was made the bankrupt did not own the land in South Dakota which is listed as a part of her assets, and that she so knew. The only excuse offered for including it in the statement is that her husband held a contract for the purchase of a quarter section of land in Faulk county, S. D., upon which he had paid but little, if anything, but for which he was to pay $200. The $200 listed in the liabilities by the bankrupt as the encumbrance on the land is this $200. The statement was signed either by Mrs. Goodhile or by her husband, Louis Goodhile, with her authority. It is therefore her statement. It is clearly materially false, was made for the purpose of obtaining from this creditor property on credit, and upon the strength of which the property was so obtained by her.

The bankruptcy law expressly provides that a discharge shall not be granted to a debtor who obtains property from another upon credit upon a materially false statement in writing made for such purpose. Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411].

The discharge is therefore denied.