The plaintiff sued out claim and delivery proceedings for the mule and filed the ordinary complaint, alleging simply ownership upon the part of the plaintiff and wrongful detention by the defendant. On the trial the plaintiff offered evidence tending to prove that the defendant obtained possession of the mule in a trade with the plaintiff by false, fraudulent and deceitful representations. At the conclusion of the plaintiff's evidence the defendant moved to nonsuit. The court denied the motion and permitted the plaintiff to amend (50) his complaint by setting out the allegations of fraud, misrepresentation and deceit upon the payment of costs, "and the trial proceeded without objection by the defendant."
In his brief the defendant reviews the ruling of the court. Waiving the fact that the defendant did not except to the allowance of the amendment, we sustain the ruling of the judge below. It was in no sense the introduction of a new cause of action, nor is it prohibited in Ely v.Early, 94 N.C. 1. The mule was the property in controversy. The amended complaint simply set out in full the allegations of fraud and deceit.
Under the facts testified to by the plaintiff he had the right to sue for damages for the alleged false warranty or repudiate the trade and sue to recover the specific property. This is well settled. DesFarges v. Pugh,93 N.C. 31; Wilson v. White, 80 N.C. 280; Wallace v. Cohen, 111 N.C. 103; Bishop on Contracts, sec. 667; Benjamin on Sales, sec. 656 and note;Donaldson v. Farwell, 93 U.S. 631; Blake v. Blackley, 109 N.C. 262.
The allowance of this amendment was a matter in the sound discretion of the court, and not reviewable.
In his brief the defendant's third exception states that "the court refused to allow the defendant to testify to a conversation had with him and the plaintiff by one Sessoms." The record shows that the plaintiff was not present. The declarations of Sessoms to the defendant were properly excluded. We have examined the other exceptions and fail to find that the court below erred in any particular.
Affirmed.
Cited: Alley v. Howell, 141 N.C. 115; Lefler v. Lane, 170 N.C. 183;R. R. v. Dill, 171 N.C. 177; Dockery v. Fairbanks, 172 N.C. 530. *Page 69