SHAFFER v. KOBLEGARD CO.

(Circuit Court of Appeals, Fourth Circuit. October 17, 1910.)

No. 930.

1. BANKRUPTCY (§ 458*)—APPEAL—OBJECTIONS NOT RAISED AT TRIAL.

An objection to the consideration of specifications of objection to a bankrupt's discharge, not urged in the trial court, is unavailable on appeal.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 458.*]

2. BANKRUPTCY (§ 467*)—REVIEW—RECORD—PRESUMPTIONS.

Where the clerk's certificate, appended to the record on an appeal from an order denying a bankrupt's discharge, recited that the record was a true transcript of so much of the record and proceedings of the court as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was requested by counsel for appellant, it would be presumed, in the absence of anything shown to the contrary, that there was a sufficient appearance by the objecting creditors on the day they were required to show cause against a discharge, as required by General Order 32 (89 Fed. xiii, 32 C. C. A. xxxi).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 467.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**3.** BANKRUPTCY (§ 414*)—DISCHARGE—OBJECTIONS—EVIDENCE.

Where, in answer to specification of objections to a bankrupt's discharge, the bankrupt prayed that, in so far as the same might be relevant, there might be read on the hearing the bankruptcy proceedings resulting in his adjudication as a bankrupt, from which it appeared that on his examination before the referee he stated under oath that before making a written statement as to his financial condition, because of the falsity of which objection was made to his discharge, he knew that he owed $7,500 which he failed to include in the statement, he could not thereafter object to the use of such evidence against him in support of his creditors' objections.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

**4.** BANKRUPTCY (§ 414*)—DISCHARGE—STATEMENTS MADE BY BANKRUPT.

In general, statements made by a bankrupt under oath in his examination before the referee may be considered in determining his right to a discharge, so far as material to the issues.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

**5.** BANKRUPTCY (§ 414*)—DISCHARGE—FALSE STATEMENT.

Evidence *held* to require a finding that a bankrupt made a false statement concerning his financial condition to the objecting creditors, intending thereby to create a false impression as to his financial ability, and that the creditors acted thereon to their injury, requiring a denial of the bankrupt's petition for a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi, in Bankruptcy.

In the matter of bankruptcy proceedings against E. Brown Shaffer. From an order denying bankrupt's discharge (169 Fed. 724), on objections filed by the Koblegard Company, the bankrupt appeals. Affirmed.

J. Hop Woods, for appellant.

R. S. Douglass, for appellee.

Before PRITCHARD, Circuit Judge, and WADDILL and CONNOR, District Judges.

PRITCHARD, Circuit Judge. This is an appeal from an order of the District Court of the United States for the Northern District of West Virginia, denying a discharge to the bankrupt.

In argument in this court the appellant for the first time suggested that the record does not disclose any appearance by the objecting creditors on the day when the creditors of the bankrupt were by law required to show cause against his discharge, and that, therefore, the specifications of objection subsequently filed should be disregarded. It is a sufficient answer to this suggestion to say that no such objection to the consideration of these specifications of objection in op-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

position to petition for discharge was urged in the court below; that the certificate of the clerk of the District Court, appended to the record herein recites that the same "is a true transcript of so much of the record and proceedings of said court as was requested by counsel for appellant"; and, finally, that under these circumstances, it must be presumed that such appearance as is required by General Order No. 32 (89 Fed. xiii, 32 C. C. A. xxxi) was duly and properly entered.

The first assignment of error relates to the alleged insufficiency of the specification of objection, which was raised by the demurrer of the bankrupt embodied in his answer thereto. It does not appear that this demurrer was ever argued before the District Court, or passed upon by it, and apparently it was abandoned, and not relied upon by appellant in the court below. However this may be, we think the specifications are not only sufficiently explicit, but that they are, in fact, unusually so, and fully directed the attention of the bankrupt to the particular transactions therein relied upon.

The first specification embodies every essential element prescribed by Bankr. Act July 1, 1898, c. 541, § 14, subsec. 3, 30 Stat. 550, as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1310]), which denies a discharge to a bankrupt "who has obtained property on credit from any person, upon a materially false statement in writing made to such person for the purpose of obtaining said property on credit."

The second assignment of error relates to the alleged failure of the objecting creditor to sustain the burden of proof resting upon him. We think that this contention is without merit, and that the burden of proof by a preponderance of the evidence was fully met by the objecting creditor. By the answer of the bankrupt he prayed that "in so far as the same may be relevant" he "asks to be read upon this hearing" the bankruptcy proceedings resulting in his adjudication as a bankrupt. From such proceedings, as well as from his answer (page 11 of record), it appeared that upon his examination before the referee he stated under oath that before the making of the written statement, upon which the first objection to his discharge is predicated, that he well knew that he owed to his mother, brothers, and L. W. Campbell large sums of money, aggregating $7,500, which he failed to mention and include in his written statement of October 14, 1904. This admission under oath, together with the evidence of Mr. Koblegard and the admitted prior declination of the Koblegard Company to fill a prior order of the bankrupt until he had made a satisfactory statement in writing of his financial condition, fully meets the legal requirements as to a preponderance of the evidence to prove all the facts material to this inquiry.

What we have said in this connection applies with equal force to the third and fourth assignments of error.

As to the fifth assignment of error, it is sufficient to say that it has generally been held that statements made by the bankrupt, under oath in his examination before the referee, may and should be considered in a proceeding touching his right to a discharge, so far as the same may be material to the issues involved. In re Bard (D. C.) 108 Fed.

208; In re Wilcox, 109 Fed. 628, 48 C. C. A. 567; In re Leslie (D. C.) 119 Fed. 406; In re Goodhile (D. C.) 130 Fed. 782. See, also, Collier on Bankruptcy (7th Ed.) p. 270, and cases there recited.

However, in this case the bankrupt in his answer to the specifications prays that the bankruptcy proceedings, in so far as they are material and relevant, shall be read, and he should not be heard to object to the granting of his request.

The sixth assignment of error is without merit, and need not be considered. It relates merely to the small amount actually lost by the objecting creditor, and has no relation to any principle.

The seventh assignment of error presents the question as to whether the bankrupt should be denied his discharge because of the circumstances under which the written statement upon which he secured credit was made, under section 14, subsec. 3, of the bankrupt act, and this necessarily involves the further question as to whether such statement was made with a fraudulent intent. Said assignment is as follows:

"The court erred in holding, to the prejudice of the petitioner, that the question of bona fides on the part of petitioner, under the circumstances conceded and shown by the record, could not be considered in support of his petition and motion for a discharge, but only the question of the execution of the paper and its verity. This, it is submitted, would not even be the rule in a criminal proceeding under such a statute."

The learned judge who heard this case below, in referring to this point, said:

"The signing and delivery of the statement to the Koblegard Company is admitted by the bankrupt; but he insists that after the goods were purchased, but before separation and delivery, a member of this company called him back, and caused him to make and sign the statement. He further testifies that at the time he informed the member of the company that the statement was not a full and complete one. So far as the items of assets contained therein there is no dispute, it being agreed that in this particular the statement was substantially accurate. The contest is wholly over the accuracy of that part relating to the liabilities. It subsequently turned out that at the time this statement was made the bankrupt was indebted something over $11,000, as shown by the list of outstanding debts which he admitted upon the examination before the referee and creditors in the bankruptcy proceeding. In extenuation and justification of the discrepancy existing between his statement to the Koblegard Company, as to these liabilities, and the evidence given by him before the referee, he now insists that, at the time this statement was given, his property, in effect, had been inherited by him in connection with his mother, brother, and sisters from his father's estate, which was unsettled, substantially held in common, and that he was unacquainted with the actual condition of the accounts relating thereto existing between him and the other members of the family. Further extenuating facts relied upon by him are that for six months, from February until September, just prior to the making of this statement to the Koblegard Company, he had been dangerously sick with typhoid and pneumonia, during which time he had been wholly unable to attend to his business, and in fact had no knowledge of its true condition, and verily believed at the time he made such statement that it was true and correct, and that he did not ascertain his true condition until afterward, when it was revealed to him by counsel whom he consulted. It may be added that the whole proceeding shows pretty clearly that Shaffer was illiterate, inexperienced, and incompetent to properly care for a mercantile business.

"If it were a matter of discretion with me, I frankly confess that the exten-

uating circumstances in this case would lead me to grant this discharge; but, upon a careful investigation of the law governing the matter, I am constrained to reach the conclusion that I am not permitted, under the circumstances, to do so."

The opinion of the court below was rendered April 30, 1909. At that time there had been no adjudication on this question by the court. However, at the February term of 1909, the court, in the case of W. S. Peck Co., Creditor, v. Julius Lowenbein, Bankrupt (C. C. A.) 178 Fed. 178, said:

"It has been held by the Supreme Court of North Carolina in the case of Des Farges v. Pugh, 93 N. C. 31 [53 Am. Rep. 446], that insolvency and the concealment of the same are not sufficient to render a contract null and void. In that case the court said: 'The facts of insolvency and its concealment, alone, are not sufficient to enable the vendor to annul the contract; they must be coupled with the intent not to pay for the goods.'

"It is the evident purpose of the bankruptcy act to protect that unfortunate class of debtors who are unable to pay their debts, by giving them a discharge, thus affording them an opportunity to engage in business again, while, on the other hand, it is manifestly intended to deny a discharge to those whose conduct has been such as to show that they obtained credit by false statements calculated and intended to deceive, and thereby defraud their creditors.

"Construing the act with these ends in view, it would be manifestly unjust to deny a discharge to a debtor, when it appears, as it does in this instance, that the statement which he made was not actuated by any fraudulent purpose. This finding of fact has been approved by the learned judge who heard the case below, and is within itself conclusive in so far as the question involved in this controversy is concerned."

It should be borne in mind that the facts in that case are easily distinguished from those in the case at bar. In the light of the evidence offered in the court below, we are of opinion that the petitioner is not entitled to a discharge, inasmuch as it appears that the statement upon which credit was obtained, and which was made for the purpose of obtaining the same, was not only erroneous and untrue, but it also clearly appears that there was an intention on the part of the petitioner, at the time such statement was made, to withhold from the creditor his true financial status.

It is true that the petitioner now insists that he did not intend, at the time he made the statement, to conceal any facts as to his financial condition; but, when we consider all the evidence, we are unable to draw any inference therefrom other than that he intended thereby to create a false impression as to his financial ability.

In view of the ruling of this court in the case of W. S. Peck Co. v. Lowenbein, supra, we are of opinion that the court below was in error as to the meaning of the word "false" as it appears in Bankr. Act, § 14b, subcl. 3, yet its judgment is, under the evidence, sustainable by the proofs in the case; and it is therefore affirmed.