In re MALSCHICK et al.

(District Court, E. D. Pennsylvania. October 29, 1914.)

No. 3915.

1. BANKRUPTCY (§ 414*)—DISCHARGE—APPLICATION—HEARING—EVIDENCE.

On an application for a bankrupt's discharge, his testimony given in his general examination is admissible against him, so far as material, as admissions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

2. EVIDENCE (§ 249*)—ADMISSIONS AND REPRESENTATIONS OF PARTNER.

On the general ground of agency, admissions and representations of a partner, made in the ordinary course of the firm's business concerning its affairs, are admissible against his copartners; but admissions made after dissolution of the firm are incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 965–975; Dec. Dig. § 249.*]

3. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—NATURE OF PROCEEDING —NEW "ACTION."

Objections to a bankrupt's discharge are the beginning of a distinct and separate dispute, and constitute a new suit or "action," the hearing of which is in effect a trial in equity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*

For other definitions, see Words and Phrases, First and Second Series, Action.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. BANKRUPTCY (§ 414\*)—APPLICATION FOR DISCHARGE—PARTNERSHIP—EVIDENCE—"COURSE OF THE FIRM'S BUSINESS."**

A partnership having been dissolved by bankruptcy proceedings against it, the examination of the bankrupts in such proceedings was not a matter occurring in the "course of the firm's business"; and hence the evidence of each bankrupt, taken in the general course of bankruptcy proceedings, was admissible only against him in a subsequent proceeding to obtain his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of Nathan Malschick and another, trading as Malschick & Levin. On exceptions to report of special master recommending dismissal of the bankrupts' application for discharge. Case re-referred to referee for further proceedings.

Henry N. Wessel and Wessel & Aarons, all of Philadelphia, Pa., for bankrupts.

Julius C. Levi and Levi & Mandel, all of Philadelphia, Pa., for objecting trustee.

THOMPSON, District Judge. The first and second exceptions of the bankrupts are as follows: (1) The learned referee erred in admitting in evidence testimony of the bankrupts given upon their general examination in these proceedings. (2) The learned referee erred in deciding that "the evidence of one partner could be used against another partner."

The referee thus reported what occurred at the first meeting held in pursuance of the order of reference:

"Counsel for the trustee offered the record of the testimony taken in the case, which he afterwards qualified, upon objection on behalf of the bankrupts, to the testimony only of the bankrupts. Counsel for the bankrupts again objected, claiming that the testimony of each bankrupt could only be used against that bankrupt. The referee held that in this partnership matter the evidence of any bankrupt was admissible against any other bankrupt, but only upon the specifications or specification against that bankrupt." .

[1] The question thus raised may well be considered before passing upon the referee's findings and recommendations. The testimony of any bankrupt given in the general examination is not objectionable against him in this proceeding, so far as it is material to the issues. It comes within the general rule as to admissions. Shaffer v. Koblegard Co. (C. C. A., 4th Circuit) 183 Fed. 71, 105 C. C. A. 363.

[2] And upon the general ground of agency admissions and representations of a partner are receivable against his copartners, when made in the ordinary course of the firm's business concerning its affairs. 30 Cyc. 590; Little v. Fairchild, 10 Pa. Super. Ct. 211, affirmed in 195 Pa. 614, 46 Atl. 133; Little v. Clarke, 36 Pa. 114. But it is not so as to admissions made after dissolution of the partnership. Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174; Wilson v. Waugh, 101 Pa. 233.

[3] The hearing upon an application for discharge in bankruptcy is in effect a trial in equity. Objections to a bankrupt's discharge are the beginning of a distinct and separate dispute, and easily fall within any accepted definition of a suit or action. In re Guilbert (D. C.) 154 Fed. 676; Collier on Bankruptcy (10th Ed.) 331.

[4] The testimony of the bankrupts, taken under the general examination, was therefore in a suit or proceeding separate from the dispute arising upon the petition for discharge and the objections thereto. It is apparent that the examination of the bankrupts was not a matter occurring in the course of the firm's business, as the partnership had been dissolved by bankruptcy. Cochran v. Perry, 8 Watts & S. (Pa.) 266; Siegel v. Chidsey, 28 Pa. 279, 70 Am. Dec. 124; McKelvy's Appeal, 72 Pa. 409; 30 Cyc. 654(c).

In order to sustain the trustee's objections to the discharge of any bankrupt, the burden was upon him to prove the facts set out in the several specifications of objection as against that bankrupt. For instance, the first specification, which is sustained by the referee, charges swearing falsely in testifying before the referee in bankruptcy. In order to prove that Abraham Malschick testified falsely, the referee received evidence of what Nathan Malschick and David Levin testified in their several examinations before the referee. Each bankrupt had been called before the referee in the original proceedings for examination as to his property and assets and those of the firm. By what rule of evidence can the present issue against Abraham Malschick be sustained by proving statements made by Nathan Malschick and David Levin in the former proceeding? Surety the statement of the testimony of some one else in that proceeding is not evidence against him in the ascertainment of the question whether he then told the truth.

I am of the opinion that the referee was in error in holding that the evidence of each bankrupt in the former proceeding was admissible against each of the other bankrupts in the present proceeding, and that the testimony of each bankrupt should have been admitted only against himself. In arriving at this conclusion, however, I do not conclude that the specifications should be dismissed and the referee's recommendations overruled. The case will be referred back to the referee, to consider separately the testimony of each bankrupt as against that bankrupt alone, and make further report to the court, with his recommendations, after such further consideration.

An order may be entered accordingly.