## In re FLEISCHMAN.
### No. 41106.

District Court, E. D. New York.
May 28, 1942.

Jac M. Wolff, of New York City, for bankrupt.

Eugene J. Morris, of New York City (William V. Keenan, of New York City, of counsel), for objecting creditors.

MOSCOWITZ, District Judge.

The bankrupt seeks an order reviewing and setting aside an order dated April 7th, 1942, made by the Referee in charge of this case, denying the bankrupt's application for a discharge.

The Referee has sustained the following specifications of objections:

"(a) That the said bankrupt, during the period beginning June 4th, 1940 and ending June 4th, 1941, concealed property, to wit, the sum of $10.00 a week, with intent to hinder, to delay and to defraud his creditors.

"(c) That the said Ferdinand Fleischman made false oath as more particularly set forth as follows:

"1. In swearing to his schedules in bankruptcy he showed the amount due Irving Feldman as $3,128.20;

"3. The said bankrupt also testified falsely in this proceeding in stating under oath that he had paid $10 per week regularly up to the filing of the petition in bankruptcy."

The Referee made no error in receiving in evidence the testimony given by the bankrupt at the first meeting of creditors. See In re Wilcox, 2 Cir., 109 F. 628; also In re Goodhile, D.C., 130 F. 782; In re Frankel, 2 Cir., 6 F.2d 1014; Shaffer v. Koblegard Co., 4 Cir., 183 F. 71; In re Greer, D.C., 189 F. 511.

Over objection the Referee received in evidence the testimony of witnesses other than the bankrupt at the first meeting of creditors. This testimony was inadmis-

sible on the ground that it was hearsay. A proceeding for a discharge is a distinct proceeding from the proceedings at the first meeting of creditors and testimony of witnesses other than the bankrupt at such first meeting of creditors is not admissible against the bankrupt in a proceeding relating to the bankrupt's discharge.

 Had the Referee stated in his opinion that he had disregarded the hearsay testimony, the other evidence would have been ample to sustain the Referee's findings as the proof is clear that the bankrupt willfully and knowingly made a false oath. However, this Court can not determine whether the Referee disregarded the hearsay testimony. The determination made by the Referee will therefore be reversed and the matter referred back to the Referee.

Settle order on notice.