There is no specific provision as to what shall be the consequence of the mere approval by the creditors at a creditors' meeting of a proposed compromise submitted to it by the debtor. The case, as it seems to me, must necessarily come ultimately under section 27, from the fact that no compromise with the debtor, and no release to him, can possibly be effected except through the trustee. Notwithstanding any previous vote by creditors, the compromise must still be carried out and executed by the trustee. It becomes, therefore, a compromise by and through the trustee, and hence falls under section 27 and must therefore have the "approval of the court."

Similarly a composition offered by the bankrupt, though accepted by the requisite number of creditors, must receive the approval of the judge under section 12, who will not confirm it unless he finds "(1) that it is for the best interest of creditors." In other words the majority at a creditors' meeting will not be suffered from outside influences or irrelevant considerations to sacrifice the evident interests of the minority.

The same principle ought to apply to proposed compromises of single claims. For the compromise proposed by the debtor may be approved by a bare majority of the creditors in attendance at a meeting or represented there under powers of attorney, upon considerations quite independent of the best interests of the administration of the estate in bankruptcy. The inference to be drawn from the general regulations prescribed in the bankruptcy act, is that the court or judge should have power to regulate or restrain the action of creditors so far as necessary to secure the best interests of the whole body; and that section 27 in requiring the "approval of the court" is applicable to the compromise of every controversy.

Ordinarily the action of a majority of creditors will be deemed presumptively for the best interests of all. But that is by no means necessarily so, nor is it always so in fact. In the present case the presumptions are very strongly to the contrary. In the claim against Friedman & Co. the trustee recovered a judgment for the sum of $10,-117 for a preference received, and the case is now on appeal, and for that judgment the debtor proposed a payment of $300 only, which a majority of the creditors voted to accept, against the trustee's objection. The compromise offered by the other debtor was also wholly inadequate and unreasonable. No sufficient considerations appear, as respects the administration of the estate in bankruptcy, which could possibly justify acceptance; and the only rational inference is that the majority vote was induced by wholly different considerations. The referee's construction of the act in this regard is, therefore, approved, as well as his rejection of the compromises proposed.

In re BARD.

(District Court, S. D. New York. May 4, 1901.)

BANKRUPTCY—PROCEDURE—TESTIMONY OF BANKRUPT.

Where depositions or testimony of a bankrupt have been taken at any time during previous proceedings, they may be admitted in subsequent proceedings, where the person who took the notes of the bankrupt's examination testified that they were truly and correctly taken.

In Bankruptcy.

H. L. Reavy, for bankrupt.

G. A. Seixas, opposed.

BROWN, District Judge. The practice in this district under repeated rulings is, to admit, so far as relevant, any prior depositions or testimony of the bankrupt at any time during the previous proceedings in the cause. It would be a needless expenditure of time and money in proceedings before the referee in support of the specifications against a discharge, to take town afresh the same testimony that the bankrupt had already given in his examination before the court for the purpose of framing specifications, when that testimony was in writing and offered before the referee.

In the present case it appears that the bankrupt's testimony upon his previous examination was not formally signed by him, although numerous adjournments were signed by him on the minutes. When his testimony was offered in support of the specifications, it was rejected, apparently on the ground of incompetency alone, and not because it had not been signed, or because the bankrupt might wish to make corrections in the written statement. The testimony was competent and should be received when properly evidenced. Proper evidence of what his testimony was, would be either his own signature and verification, or in the absence of that, the testimony of the person who took the minutes. The latter in fact is the ordinary mode of proving the testimony of a party given on a previous trial in an independent cause. Subsequently before the referee, the person who took the notes of the bankrupt's examination testified that the notes of the testimony were truly and correctly taken. The testimony was then again offered and again rejected. It should have been received. The signature of the bankrupt was no longer necessary; nor was it necessary that he should be directed either to sign it, or correct it, if he wished. By the testimony of the witness it was duly proved and was competent. Thenceforward the burden was upon the bankrupt to overcome it.

---

## In re FILER.

### (District Court, S. D. New York. December 18, 1900.)

1. BANKRUPTCY—JURISDICTION—DOMICILE OF ABSCONDING DEBTOR.

Where the domicile of an alleged bankrupt has been for several years within the district where the petition is filed, and his family continues to reside there, the fact that more than three months before the filing of the petition he absconded to avoid arrest will not defeat the jurisdiction of the court, unless it is shown that he had an intention to change his domicile, and to acquire another elsewhere; and the burden of establishing such fact rests upon those objecting to the jurisdiction.

2. SAME—ACTS OF BANKRUPTCY—ABSCONDING WITH PROPERTY.

The absconding of an insolvent debtor, taking with him money or property not exempt, constitutes a concealment and removal of the property with intent to defraud his creditors, and is an act of bankruptcy, under Bankr. Act 1898, § 3a, cl. 1.

In Bankruptcy. On petition for involuntary adjudication.

108 F.—14