478.   NATIONAL SURETY COMPANY OF NEW YORK *v.* MEDLOCK.

1. A liability on account of a libel is not released by a discharge in bankruptcy.

2. A corporation is not dissolved by an adjudication that it is bankrupt.

3. When the plaintiff in an action for libel sues out process of garnishment as ancillary thereto, and the garnishee admits by answer sufficient funds, upon a verdict and judgment being obtained against the defendant in the main case the plaintiff may proceed to take judgment against the funds caught by the garnishment, and, when the garnishment has been dissolved by the filing of a statutory bond, may also enter up judgment against the surety, notwithstanding the fact that pending the suit the defendant has been adjudged bankrupt, if the filing of the petition in bankruptcy occurs more than four months after the summons of garnishment has been served and the dissolving bond given.

(*a*) The bankruptcy of the defendant does not discharge the surety on the dissolving bond.

(b) Irrespective of whether the lien upon the funds impounded by the service of the summons of garnishment attaches before final judgment or not, the service of the summons of garnishment so far places the funds found in the hands of the garnishee (especially when the money is paid into court or in lieu thereof a dissolving bond given) into the custody and control of the court administering the case that it will be entitled to hold and subject the fund despite the subsequent bankruptcy of the defendant, if the petition in bankruptcy be filed more than four months after such custody is obtained.

Garnishment, from city court of Atlanta—Judge Reid. April 15, 1907.

Argued October 14,—Decided October 22, 1907.

On February 4, 1904, Carrie E. Medlock instituted suit against the Atlanta News Publishing Company, on account of the malicious publication of a libelous article concerning her. Ancillary to this action she sued out garnishment and caused summons to be served on the Maddox-Rucker Banking Company. On February 6, 1904, the defendant, for the purpose of dissolving the garnishment, filed a statutory bond, with the National Surety Company of New York as surety. The section of the Civil Code (§4718) under which this bond was given is as follows: "In any case when garnishment has been issued, the defendant may dissolve such garnishment upon filing in the clerk's office of the court, or with the justice of the peace, where suit is pending or judgment was obtained, a bond with good security, payable to the plaintiff, conditioned for the payment of the judgment that shall be rendered on said garnishment. The plaintiff may enter up judgment upon such bond against the principal and securities, as judgment may be entered against securities upon appeal, whenever said plaintiff shall obtain the judgment of the court against the property or funds against which garnishment was issued." On May 2, 1904, the garnishee answered, admitting sufficient assets. No traverse was filed to this answer. On February 18, 1907, the Atlanta News Publishing Company was adjudged bankrupt and a trustee appointed. On March 27, 1907, the original action came up for trial. The defendant offered an amendment to its plea, alleging its bankruptcy and praying an abatement of the suit (alleging as a basis therefor that the effect of the adjudication in bankruptcy was to end its corporate existence), and also praying a stay of the suit. On motion of the plaintiff this plea was stricken

and disallowed. The case proceeded to trial, and a verdict was rendered in favor of the plaintiff for $1,000. After the verdict and judgment against the defendant, the plaintiff moved the court for a judgment against the fund so admitted by the Maddox-Rucker Banking Company, and also for a judgment against the defendants, the Atlanta News Publishing Company, as principal, and the National Surety Company of New York, as security on the said dissolving bond, for the sum of $1,000 and costs. To the rendition of judgment against them, or either of them, the Atlanta News Publishing Company, as principal, and the National Surety Company of New York, as security on the dissolving bond, objected on the following grounds: "(1) Because, the defendant being in bankruptcy, the court was without authority of law to try and render judgment in the case against the Atlanta News Publishing Company; for which reason the verdict and judgment against the defendant was null and void, and hence no judgment could be rendered against the bond, or the surety thereon, given for the dissolution of the garnishment. (2) Because the adjudication of the defendant, the Atlanta News Publishing Company, as a bankrupt, within four months of the verdict and judgment against it in the main case, rendered the bond to dissolve the garnishment null and void under the bankruptcy law, and hence no judgment could be entered thereon. (3) Because, the defendant being in bankruptcy, no legal judgment could be entered against the fund in the hands of the garnishee, and hence no judgment could be entered against the defendant and the security on the bond to dissolve the garnishment. (4) Because, the defendant being in bankruptcy, no legal judgment could be rendered against the funds in hands of garnishee, had the same been paid in court, without creating a preference in favor of plaintiff against all other creditors of defendant, as against said fund, in violation of the bankruptcy law; and hence no judgment could be entered against defendant and the security on the dissolution bond, the only obligation therein being to answer such judgment as might be rendered on the garnishment. (5) Because, in order to render judgment on the dissolution bond, the same would have to be entered against both the defendant, as principal, and the security; in order to do which a second judgment, based on the judgment in the main case, would have to be entered against the defendant, which,

the defendant being in bankruptcy, the court could not legally do, as this would be in violation of the bankrupt law; and, without judgment against the principal in the bond, no judgment could be entered against the security thereon.    (6) Because in Georgia no lien is created in favor of the plaintiff by service of simple garnishment issued upon a pending, ordinary, common-law action; and without lien, the defendant being in bankruptcy, no judgment could be entered against the funds in the hands of garnishee to the exclusion of other creditors of the defendant; and hence no judgment could be entered on the bond dissolving the garnishment."

Each and all of these objections the court overruled, and allowed the plaintiff to take an order adjudging the funds in the hands of Maddox-Rucker Banking Company, as garnishee, subject to the garnishment in the plaintiff's favor; and also entered judgment in favor of the plaintiff against the Atlanta News Publishing Company, as principal, and the National Surety Company of New York, as security on the dissolving bond, for $1,000 and costs.    To the judgment rendered upon the bond the Atlanta News Publishing Company and the National Surety Company both except; and this is the only exception taken in the record.

*McDaniel, Alston & Black, Dorsey, Brewster, Howell & Heyman, Westmoreland Brothers, L. P. Skeen,* for plaintiff in error.

*Rosser & Brandon, Walter T. Colquitt, B. J. Conyers,* contra.

POWELL, J.    (After stating the facts.)

1.    A discharge in bankruptcy does not release the bankrupt from liability for "wilful and malicious injuries to the person or property of another."    Bankruptcy act of 1898, c. 541, §17 (2) (30 Stat. 550, U. S. Com. St. 1901, p. 3428).    A libel is a wilful and malicious injury to the person of another.    *Johnson* v. *Bradstreet Co.,* 87 *Ga.* 79 (13 S. E. 250) ; *Cole* v. *A. & W. P. R. Co.,* 102 *Ga.* 479 (31 S. E. 107) ; *Cox* v. *Strickland,* 120 *Ga.* 106 (47 S. E. 912).    Only suits which are "founded upon claims for which a discharge would be a release" are to be stayed by reason of an adjudication in bankruptcy (Bankruptcy act, c. 541, §11, 30 Stat. 549, U. S. Com. St. 1901, p. 3426) ; other actions may properly proceed to judgment.    A judgment so obtained is to be given as full and extensive force and effect as if bankruptcy had not intervened.

2.   A corporation, by being adjudicated bankrupt, is not thereby civilly dead; it is not thereby dissolved.  *Holland* v. *Heyman,* 60 *Ga.* 181.  To use the sententious language of Judge Bleckley in the case just cited, " 'your money,' not 'your life,' is the demand made by the bankruptcy act.'

3.   Having legally obtained a judgment against the defendant corporation, the plaintiff was further entitled to pursue its enforcement by every means known to the law of the State and not forbidden by the Federal statute.  Let us see if any obstacle stood between it and the end of subjecting the dissolving bond filed under the ancillary proceedings by garnishment.  Before judgment can be rendered upon such dissolving bond, two prior judgments are necessary, under our practice: first a judgment in the main action, and then a judgment declaring the money or property, admitted or found to be in the hands of the garnishee, subject.  The first judgment being obtained, the second follows as a matter of course, if the answer of the garnishee admits sufficient effects and no traverse is offered and no statutory claim is filed, seeking to have the fund declared, for any sufficient reason, not subject. *Garden* v. *Crutchfield,* 112 *Ga.* 274 (37 S. E. 368).  In the present case no traverse or claim was filed to the answer of the garnishee, and the second judgment was therefore properly entered; indeed, to the rendering of this judgment no exception is filed by either of the plaintiffs in error.  These two judgments having been obtained, it is the duty of the court to enter the final judgment against the bond, the condition of which is that the defendant and his surety "shall pay the judgment that shall be entered on the garnishment,"—that is to say the second judgment mentioned above,—unless good cause to the contrary be shown.  In Klipstein *v.* Allen-Miles Co. (136 Fed. 385, 69 C. C. A. 229, 14 Am. Bk. R. 15), the United States Circuit Court of Appeals for the fifth circuit had under review a case involving a similar bond given under this statute of our State in a garnishment proceeding, sued out within four months of the adjudication in bankruptcy against the defendant in the main suit, which was an action upon a debt from which a discharge in bankruptcy would be a release.  In that case the court held that the original action being founded on a debt dischargable in bankruptcy, no judgment could be rendered against the defendant in the main action; and

that the lien of the garnishment upon the funds in the hands of the garnishee having arisen within four months prior to the adjudication in bankruptcy, no judgment could be had upon the answer of the garnishee, without working a preference under the bankruptcy act; hence, neither of the two preliminary judgments essential to a judgment on the dissolving bond being obtainable, the third or final judgment, necessary to fix the liability of the surety on the bond, could not be rendered.    A very exhaustive discussion of the garnishment proceedings of this State appears in that case. The gist of the decision is contained in this extract: "The liability of the surety on the dissolving bond is not altered by the discharge of the bankrupt defendant, but the discharge prevents the happening of the contingency on which liability depends." . The decision of our Supreme Court in the case of *Odell* v. *Wootten,* 38 *Ga.* 225, to the same effect, is quoted approvingly.   Compare *Philip Carey Co.* v. *Viaduct Place,* 1 *Ga. App.* 707 (58 S. E. 274). In the case at bar, the contingency on which the liability of the surety depends has happened; judgment has been regularly obtained both against the defendant in the main action and against the fund impounded by the garnishment; and, as the court says in the Klipstein case, the liability of the surety is not altered by the bankruptcy of the principal.   See Bankruptcy act, §16.   The judgment against the surety on the dissolving bond was therefore properly rendered.   If the enforcement of the judgment has the effect of giving to this plaintiff a preference over the other creditors of the bankrupt corporation, in that she will receive a higher percentage of her debt than they will receive, the answer is that such preference, in the first place, is not being enforced against the assets of the bankrupt estate; and, in the second place, it arises not in contravention of the bankruptcy act, but through its very terms, which render debts of the character of the one held by the plaintiff not discharged, and which do not prevent a creditor of the bankrupt from taking full satisfaction from a personal surety.

Very ably it has been argued to us that under the laws of this State, a summons of garnishment creates no lien, and that the lien arises only when the judgment is entered on the answer of the garnishee; and that since the judgment against the funds admitted by the garnishee was dated subsequently to the adjudication

in bankruptcy, such judgment immediately falls as being in con-
travention of the bankruptcy act. In support of this contention
we are cited to the case of *Willis* v. *Parsons,* 13 *Ga.* 335, wherein
the court, in the discussion, says, of a garnishment founded on a
pending proceeding, not an attachment: "It is true, that the act
intended to afford a new remedy in certain cases therein specified,
by authorizing summons of garnishment to issue 'as in cases of
attachment,' but not 'to create a lien as in cases of attachment.'"
In that case the court was merely discussing the peculiar rule
existing in this State in the distribution of funds brought into
court, between creditors whose respective rights are based upon at-
tachment, garnishment, and common-law judgments. That case
merely holds that by the terms of the statutes regulating priori-
ties, under a rule to distribute, the priority between a garnishing
creditor and a creditor by common-law suit is to be determined by
a comparison of the dates of their respective main judgments;
and the fact that the fund came into court by reason of the serv-
ice of a summons of garnishment on behalf of one of the cred-
itors prior to the date of the other judgment will not give the
former the superior right unless his judgment in the main action
be also the first obtained. Compare, in this connection, the case
of *Andrews* v. *Kaufman,* 60 *Ga.* 670, wherein it is held that upon
rule to distribute, a creditor who holds a common-law judgment,
prior in date to the main judgment of another creditor who has
proceeded by attachment, is to be preferred to the latter, although
the action in which the common-law judgment was obtained was
instituted subsequently to the levy of the attachment. Yet it will
not be disputed that the levy of the attachment creates a lien.
See Civil Code, §§4577, 4578. It may be noted that by an amend-
ment (Ga. Laws 1890-1, p. 75), now incorporated as a part of the
code section last cited, an attachment will have priority over an
ordinary judgment obtained on a suit instituted after the levy.
In *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865), a
case wherein the summons of garnishment was sued out within
four months of the bankruptcy of the defendant, although the gar-
nishment was predicated upon a prior judgment more than four
months old, the court held that the lien on the funds in the hand
of the garnishee was "obtained through a legal proceeding insti-
tuted within four months prior to the filing of the petition for

bankruptcy," and was rendered void §67 (f) of the bankrupt act. In the opinion in that case, the following (which is plainly obiter) appears: "It has been several times held, where an ordinary action has been brought and a garnishment summons is served, and a judgment is obtained by the plaintiff against the defendant within four months of the filing of the petition in bankruptcy, and a like judgment is obtained thereafter against the garnishee, that the lien of the garnishment is rendered null, even though it may have provisionally attached by being served more than four months before the filing of the petition in bankruptcy. In re Lesser, 108 Fed. 201; in re McCartney, 109 Fed. 621, 6 Am. Bk. R. 367." The learned Justice who wrote the opinion manifestly overlooked the fact that Lesser's case, on which this statement is predicated, had been reversed by the Supreme Court of the United States in the case of Metcalf *v.* Barker, 187 U. S. 165 (9 Am. Bk. Rep. 36, 23 Sup. Ct. 67, 47 L. ed. 122).

Whether the summons of garnishment creates a lien depends upon the particular shade of meaning given to the word "lien." If it be used in the old common-law sense of the right to immediately grasp or hold in manual possession a chattel till something be performed or done by the owner, then a summons of garnishment does not create a lien on the funds in the hands of the garnishee. But the word has also a broader meaning. "The term 'lien,' in a narrow and more technical sense, signifies the right by which a person in possession of personal property holds and detains it against the owner in satisfaction of a demand; but it has a more extensive meaning, and in common acceptation is understood and used to denote a legal claim or charge on property, either real or personal, for the payment of any debt or duty. Every such claim or charge is still a lien on the property, although the property be not in the possession of him to whom the debt or duty is due." "A lien is defined to be a hold or claim which one has upon the property of another as security for some debt or charge. At common law there could be no lien without possession. It is therein defined as a right in one man to retain that which is in possession and belonging to another. In maritime law, liens exist independently of possession, either actual or constructive, and in the courts of equity the term 'lien' is used as synonymous with a charge or incumbrance upon the thing where there is

neither jus in re nor ad rem, nor possession of the thing." See 5 Words' & Phrases Judicially Defined, 4144 et seq., where these and a variety of similar definitions are given. See also in re Byrne, 97 Fed. 762, 764; Downer v. Brackett, 21 Vt. 599, 602; U. S. Blowpipe Co. v. Spencer, 40 W. Va. 698 (21 S. E. 769). Whether the service of a summons of garnishment creates a technical lien on the funds in the hands of the garnishee or not, still, especially when the garnishee admits liability and pays the fund into court, or, in lieu of such actual payment, a statutory bond is substituted, the court acquires such a hold upon the money or the res, such a right to retain and administer the fund (or what has been substituted for the fund,—the bond), that the subsequent adjudication in bankruptcy, made more than four months thereafter, will not disturb it. Pickens v. Roy, 187 U. S. 177 (23 Sup. Ct. 78, 47 L. ed. 128), s. c. 9 Am. Bk. R. 47, sub nom. Pickens v. Dent, (45 C. C. A. 522). In that case the court, reasserting the rule that the court which first obtains rightful jurisdiction over the subject-matter shall hold it, quotes approvingly from Frazier v. Southern Loan & Trust Co., 99 Fed. 707 40 C. C. A. 76) 3 Am. Bk. R. 710), as follows: "The bankrupt act of 1898 does not in the least modify this rule, but with unusual carefulness guards it in all of its detail, provided the suit pending in the State court was instituted more than four months before the district court of the United States had adjudicated the bankruptcy of the party entitled to or interested in the subject-matter of such controversy." See also, in the same connection, Metcalf v. Barker, supra; Collier on Bankruptcy (6th ed.), 571; *Boston Merc. Co.* v. *Ould-Carter Co.,* 123 *Ga.* 458 (51 S. E. 466).

                                        *Judgment affirmed.*