## 5580. Citizens National Bank v. Dasher.

Russell, C. J.   1. The court did not err in striking the amendment to the garnishee's answer, as to the payment of the fund in its hands to the defendant, the amendment showing that the payment was made after service of the summons of garnishment and by direction of the justice of the peace who issued the summons of garnishment, when the summons required the garnishee to answer to the city court of Macon, and the law required that the bond be filed with the clerk of that court and the security be approved by him.   Nor did the court err in refusing to consider an amendment alleging that the garnishee believed and was advised that it should make answer as to Joseph M. Napier & Company only, and filed its answer with reference to Joseph M. Napier & Company only; since the summons of garnishment required the garnishee to answer as to "Joseph M. Napier trading under the name and style of Joseph M. Napier & Company."   A garnishee is not vested with any discretion to be exercised by him in making an answer, and is required to answer in the terms of the summons and as to the defendant or defendants named therein.   The amendment offered was especially immaterial because in the original answer the garnishee had admitted that more than twelve hundred dollars belonging to Joseph M. Napier & Company came into its hands between the time of the service of the summons and the date of its answer.

2. A garnishing creditor has, as to any property, money, or effects of his debtor that may be caught in the hands of the garnishee, an inchoate lien, which arises on service of the summons of garnishment.   Civil Code § 5273.   And although, under the provisions of section 67 (f) of the bankruptcy act of July 1, 1908, c. 541 (30 Stat. 564, U. S. Comp. St. 1913, § 9651), judgments or other liens obtained against an insolvent person at any time within four months prior to the time of the filing of a petition in bankruptcy against him are null and void in case he is adjudged bankrupt, "where the lien is obtained more than four months prior to the filing of the petition it is not only not to be deemed to be null and void on adjudication, but its validity is recognized.   When it is obtained within four months the property is discharged therefrom, but not otherwise.   A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the Federal statute, which is plainly confined to judgments creating liens.   If this were not so, the date of the acquisition of a lien would be entirely immaterial."   Metcalf Brothers Co. v. Barker, 187 U. S. 165-174 (23 Sup. Ct. 67, 47 L. ed. 122).   See also National Surety Co. v. Medlock, 2 Ga. App. 665 (58 S. E. 1131), and Albany Ry. Co. v. Dunlap Hardware Co., 8 Ga. App. 171 (68 S. E. 868).   For this reason the trial judge did not err in refusing to consider the garnishee's amendment in which it was alleged that the defendant had been adjudged bankrupt, where it appeared that the adjudication was more than four months after the service of the summons of garnishment.   Furthermore the court's ruling upon this point was not error of which the garnishee could complain, and the trustee had no interest in the subject-matter, because it was admitted that the defendant's money in the hands of the

garnishee had been paid to the defendant before the petition in bankruptcy was filed.      *Judgment affirmed. Broyles, J., not presiding.*
DECIDED FEBRUARY 18, 1915.

Garnishment from city court of Macon—Judge Hodges. January 17, 1914.

*Hatcher & Smith,* for plaintiff in error.

*A. L. Dasher Jr.,* contra.

