6442.  LIGHT *et al. v.* HUNT.

6443.  TANNER *v.* HUNT.

BROYLES, J.  1.  The motion to dismiss the bill of exceptions is denied. "Any affirmative ruling by a judge resulting in a final judgment which is inconsistent with the law is erroneous, and may be properly complained of in a direct writ of error assigning error thereon." *Kelly* v. *Strouse,* 116 *Ga.* 872, 874 (43 S. E. 280). The following assignment of error was sufficiently specific: "To the action of the court in sustaining said plea and in rendering said judgment the plaintiff in error excepted and now excepts, and assigns the same as error, upon the ground that the same was contrary to law; that the court erred in sustaining defendant's plea in bar, setting up his discharge in bankruptcy; that the court erred in refusing plaintiff's request for the special judgment against the said J. W. Hunt, with a perpetual stay of execution against him, and in refusing to permit judgment to be entered up against the surety on said dissolving bond, all of which plaintiff in error excepted to, and now excepts and assigns as error; and such refusals and rulings as plaintiff in error contends being controlling in effect, the said judgment could not be and is not a legal termination of the case." The fact that the plaintiff in error in this assignment of error stated that the judgment excepted to "is not a *legal* termination of the case" is immaterial. A "legal termination" does not necessarily mean a "final" termination.

2.  The service of a summons of garnishment more than four months before a proceeding in bankruptcy is filed creates a lien upon any property, money, or effects of the debtor which may be caught in the hands of a garnishee. Civil Code, § 5273; *Citizens National Bank* v. *Dasher,* 16 *Ga. App.* 33 (84 S. E. 482); In re Maher, 169 Fed. 997 (22 Am. B. R. 290); Hobbs *v.* Thompson, 160 Ala. 360 (49 So. 787, 18 Ann. Cas. 382, note). See also *National Surety Co.* v. *Medlock,* 2 *Ga. App.* 665, 673 (58 S. E. 1131).

3.  Where a summons of garnishment was served more than four months prior to the filing of a petition in bankruptcy, and funds sufficient to extinguish the debt (which was admitted to be just) were subjected by the summons, and a bond was given to release such funds, the condition of the bond being to pay whatever judgment might be rendered against the defendant, and where on the trial of the case in the superior court it was shown that no judgment was ever given against the defendant, but the plaintiff moved for the allowance of a special judgment against the defendant (the bankrupt), with a perpetual stay of execution against him, and also that judgment be entered up against the sureties on the dissolving bond and the garnishment for the full amount of the claim, *held,* that the court, sitting without the intervention of a jury, erred in refusing to grant this motion of the plaintiff, and in sustaining the defendant's plea that his discharge in bankruptcy was a bar to the action against him and the sureties on the garnishment bond.

(*a*) This is true although the claim was scheduled in the name of the plaintiff in the defendant's petition in bankruptcy, the correctness of which was duly verified by the affidavit of the defendant, and the plaintiff had notice of the bankruptcy proceedings, and the defendant thereafter was duly discharged in bankruptcy. Bankruptcy act of 1898, § 16 a; 3 Remington on Bankruptcy, Supp. § 1588; Collier on Bankruptcy, 968, 969; Civil Code, §§ 5273, 5280; *Citizens National Bank* v. *Dasher*, supra; In re Maher, supra; Hill v. Harding, 130 U. S. 699 (9 Sup. Ct. 725, 32 L. ed. 1083); Butterick Pub. Co. *v.* Bowen Co., 33 R. I., 40 (80 Atl. 277, 26 Am. B. R. 718); Brown Coal Co. *v.* Antezak, 164 Mich. 110 (128 N. W. 774, 130 N. W. 305, 23 Ann. Cas. (1912B) 778, 25 Am. B. R. 898); U. S. Wind Engine Co. *v.* North Penn Iron Co., 227 Pa. 262 (75 Atl. 1094); Notes in 14 L. R. A. (N. S.) 507-512; 3 R. C. L. 293, § 118; 18 Ann. Cas. 383, note (supra); Metcalf *v.* Barker, 187 U. S. 165 (23 Sup. Ct. 67, 47 L. ed. 122); In re Crafts-Riordon Shoe Co., 185 Fed. 931 (26 Am. B. R. 449).

4. While there are, of course, differences between attachment cases and cases of garnishment, yet, so far as regards the rendering of a judgment against the defendant (the condition precedent in the dissolving bond), the principle in both classes of cases is the same. See Civil Code, §§ 5113, 5280. It follows that the decisions bearing on this point in attachment cases, cited above, are good authority for our rulings in the case at bar,—a garnishment case. *Judgment reversed.*

DECIDED JANUARY 20, 1916.

Appeal; from Hall superior court—Judge J. B. Jones. January 23, 1915.

*C. N. Davie, E. D. Kenyon,* for plaintiff in error.
*Ed. Quillian, W. B. Sloan,* contra.