### 12590.  MORRIS FERTILIZER COMPANY *v.* JACKSON.

LUKE, J.  The service of a summons of garnishment less than four months
before a petition in bankruptcy is filed does not create a lien upon
property, money, or effects of the debtor in the hands of the gar-
nishee; aliter, if the summons of garnishment be served more than
four months before proceedings in bankruptcy.  See *Light* v. *Hunt,* 17
*Ga. App.* 491 (2) (87 S. E. 763), and cases cited.

(*a*) Upon the agreed statement of facts in this case, it appearing that
suit and garnishment proceedings were served on April 19, 1920, that
the defendant was adjudicated a bankrupt on May 18, 1920, and was
duly discharged in bankruptcy on August 14, 1920, and that the
plaintiff was scheduled as a creditor and the money caught by garnish-
ment was listed among the assets of the bankrupt, it was not error
for the court to direct a verdict in favor of the defendant, holding that
no judgment could be entered against the defendant for the purpose
of entering judgment against the garnishee.

    *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
DECIDED NOVEMBER 16, 1921.  REHEARING DENIED DECEMBER 30, 1921.

Complaint; from city court of Atlanta — Judge Reid.  May
25, 1921.

On April 19, 1920, Morris Fertilizer Company sued R. B.
Jackson on a promissory note; and summons of garnishment,
based on this suit, was served on the Bank of Hapeville.  The
bill of exceptions of the fertilizer company states that on June
30, 1920, the defendant filed an answer setting up that he was
adjudicated a bankrupt on May 18, 1920, and asking for a
stay of proceedings until his discharge in bankruptcy; and that
on May 11, 1921, he filed an amendment attaching to his plea a
certified copy of the adjudication, his schedule in bankruptcy,
and his discharge, showing the plaintiff's claim properly sched-
uled, and assets of $88 in cash in the Bank of Hapeville, subject
to check.  The bank, in its answer to the summons of garnish-
ment, "admitted funds in the sum of $72.67."  This case was
tried on an agreed statement of facts, as follows:  The facts al-
leged in plaintiff's original petition are true.  The plaintiff's
debt was duly scheduled in the bankruptcy proceeding, and is a
provable and dischargeable debt, but no trustee was appointed
by the court of bankruptcy and no homestead or exemption was
granted, and the bankruptcy court did not take possession of or
attach the funds held by the Bank of Hapeville, and the funds
are now held by it as stated in the answer to the garnishment.
"The plaintiff did not go into the bankruptcy court  .  .  and
did not ask for a receiver or appear in any way, and did not

prove its claim in the bankruptcy court, and the defendant was duly discharged August 14, 1920." The plaintiff "tendered its original note in evidence and asked that a judgment be entered, with the limitation that it be made only out of the garnishment proceedings, or a judgment against the defendant with a stay of execution, for the purpose of entering a judgment against the garnishee, and that the court allow the plaintiff to enter up judgment against the garnishee for the fund in its hands. . . The only objection made in this case to the entering of such judgment was made by the defendant R. B. Jackson." The judge directed a verdict in favor of the defendant, holding that no judgment could be entered against the defendant for the purpose of entering judgment against the garnishee. Error is assigned on this judgment.

Cited by counsel for plaintiff: *Coker* v. *Utter,* 152 *Ga.* (108 S. E. 538); *Light* v. *Hunt,* 17 *Ga. App.* 491; *Citizens Nat. Bank* v. *Dasher,* 16 *Ga. App.* 33; Civil Code (1910), § 5273.

*Lovick G. Fortson,* for plaintiff. *John H. Hudson,* for defendant.