## In re BERNARD.*

(District Court, E. D. New York. December 12, 1921. Supplemental Opinion, December 19, 1921.)

1. **Bankruptcy ⊂⊃424—Judgment based on prior judgment for libel held not dischargeable.**

   A judgment, based on a prior judgment for libel, *held* not a debt dischargeable in bankruptcy, though the pleadings on which the second judgment was rendered did not disclose the nature of the original cause of action, but to retain its character as a liability for willful or malicious injury, within Bankruptcy Act, § 17(2), being Comp. St. § 9601(2).

Supplemental Opinion.

2. **Bankruptcy ⊂⊃424—Judgment for libel held not dischargeable.**

   The fact that the defendant in a judgment for libel was confined within prison limits on a body execution, under the law of New York, *held* not an expiation which relieved the judgment of its character as one for a malicious injury, not dischargeable in bankruptcy.

In Bankruptcy. In the matter of William Bernard, bankrupt. On motion to expunge claim from schedules as one not dischargeable. Granted.

Milton P. Kupfer, of New York City, for moving creditors.
Tripple & Plitt, of New York City, for bankrupt.

GARVIN, District Judge. This is a motion by Leo Frank and Israel De Keyser to expunge from the schedules filed by the bankrupt

the claim of the moving parties, consisting of a judgment in the sum of $3,788.43; the motion being made upon the ground that the debt is neither a provable nor a dischargeable claim herein.

The applicants recovered a judgment against the bankrupt on February 19, 1909, for the sum of $2,151.41 in an action for libel. After supplementary proceedings upon said judgment had been instituted, defendant filed a petition in bankruptcy in the United States District Court for the Southern District of New York. A stay of examination in said supplementary proceedings granted by the District Court was later vacated, and the examinations in supplementary proceedings were directed to proceed. They were thereafter closed. The defendant was never discharged in bankruptcy. In September, 1921, an action was brought upon said judgment in the Supreme Court of the state of New York, and judgment was duly entered therein against the bankrupt on October 20, 1921, for the sum of $3,788.43.

Within a few days thereafter, the bankrupt filed the pending petition in bankruptcy, seeking a discharge from said judgment. Subsequent to the judgment recovered February 19, 1909, the bankrupt was arrested thereunder and confined within the jail limits of New York county for a period of six months; this being prior to the judgment of October 20, 1921.

[1] It is well settled that a judgment for libel is not a dischargeable debt. Thompson v. Judy, 169 Fed. 553, 95 C. C. A. 51, 22 Am. Bankr. Rep. 154, McDonald v. Brown, 23 R. I. 546, 51 Atl. 213, 58 L. R. A. 768, 91 Am. St. Rep. 659, 10 Am. Bankr. Rep. 58, National Surety Co. v. Medlock, 2 Ga. App. 665, 58 S. E. 1131, 19 Am. Bankr. Rep. 654. The applicants claim that, inasmuch as the original judgment was predicated upon liability for a malicious act, the malicious nature of the liability remained unchanged, in spite of the fact that the judgment now involved was recovered upon an existing judgment. This would seem to have the support in authority. Peters v. United States, 177 Fed. 885, 101 C. C. A. 99; Thompson v. Judy, supra; In re Kuffler (D. C.) 155 Fed. 1018; Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985; McDonald v. Brown, supra.

In Thompson v. Judy, supra, it was stated:

"The contention of the appellant is that when a judgment has been obtained, the liability is merged therein, and the claim no longer adheres to the liability, but is transmuted into another species of right, which was excepted by the original act, but, since the amendment, is no longer excepted. But notwithstanding the ingenuity of the argument by which this contention is sought to be maintained, we are of opinion that the intention of Congress was to declare that such liability should be excepted whether a judgment had been rendered upon it or not. The general doctrine of merger of the cause of action by judgment cannot, of course, be disputed. No suit or proceeding can thereafter be brought upon the original liability, but only for the enforcement of the judgment. The power of the court cannot be again invoked to adjudicate the question of liability. It is for the interest of the public that litigation shall come to an end, and the inconvenience of preserving the original liability as a continuing cause of action would be great. The pursuit must proceed along the line adopted, and the satisfaction of the claim must be sought through the judgment. But this rule of law prevails only to the extent that the reason for it exists. It does not prevent the recognition in the judgment of the attributes of the original cause of action. For the purposes

of relief, the judgment embodies those attributes and gives ground for their enforcement. The rights of the parties are established, and are in no wise diminished thereby. So, when the judgment is general in form, it is often necessary to go behind it and see upon what liability it is founded, to the end that the characteristics of the cause of action may be impressed upon it. * * * Now, we cannot resist the impression that Congress in making this amendment was looking to the substantial nature of the liability, and regarded the question as to whether a judgment had been rendered upon it as immaterial, that its intrinsic nature had not been altered and was in reality the cause of action intended by the original exception, and that Congress meant to protect that from the discharge. Apparently the requirement in the original act that the claim should have been reduced to judgment was intended to obviate the delay which a proceeding in the bankruptcy court for the liquidation of the damages would involve. And, finally, it would seem that in plain English a judgment on such a cause of action is a 'liability' therefor."

There is no merit in the contention that the defendant was confined to jail limits under a body execution has had the effect of a satisfaction of the judgment. The motion to expunge the claim is granted, and the applicants are permitted to proceed to the collection of the judgment in the state courts in such manner as is provided by law.

Whether the defendant may be imprisoned again under process issued by the state court must be submitted to the latter tribunal for determination.

### Supplemental Opinion.

[2] The attention of the court has been called by counsel to this statement appearing in the foregoing opinion:

"There is no merit in the contention that the defendant was confined to jail limits under a body execution has had the effect of a satisfaction of the judgment."

Three words were inadvertently omitted. The opinion should read:

"There is no merit in the contention that the fact that the defendant was confined to jail limits under a body execution has had the effect of a satisfaction of the judgment."

But, further, neither party contended that such confinement had had the effect of such satisfaction, and what the court intended to decide, and does now decide, was that plaintiffs have the same rights under the second judgment as under the first; more specifically, that the confinement to jail limits under the first judgment did not expiate the malicious character of the original injury.

There was no election by the plaintiffs, when they brought suit upon the first judgment and failed to set forth the facts upon which said judgment was predicated, to waive the malicious character of the original injury.